# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1152

_____

| | | |
|---|---|---|
| Wax 'n Works, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| City of St. Paul, | * | of Minnesota. |
| | * | |
| Appellee. | * | |

_____

Submitted: October 18, 1999

Filed: May 26, 2000

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Wax 'n Works appeals an order of the district court[1] that denied attorney's fees after the court dismissed, for failure to state a claim, both counts in a lawsuit brought by Wax 'n Works. We affirm.

_____

[1]The Honorable Franklin L. Noel, Chief Magistrate Judge for the District of Minnesota, acting by consent of the parties. *See* 28 U.S.C. § 636(c); *see also* Fed. R. Civ. P. 73.

I.

In mid-1977, the city of St. Paul, Minnesota, exercised its power of eminent domain, *see* Minn. Stat. Ann. §§ 117.011-117.57, with respect to the property where Wax 'n Works, a car detailing business, was located. Wax 'n Works moved to another location two weeks later and subsequently submitted an application, and then an amended application six weeks later, for "relocation assistance, services, payments and benefits," *see* Minn. Stat. Ann. § 117.52.1. That statute incorporates by reference, for acquisitions (such as the one in this case) that involve no federal funding, the provisions of 42 U.S.C. §§ 4601-4655 and 49 C.F.R. §§ 24.1-24.306 and applies those provisions at the state level.

Wax 'n Works received no response from the city and construed that failure to respond as the city's "determination," *see* 49 C.F.R. § 24.203(a)(5), § 24.207(g), with respect to the eligibility of Wax 'n Works for monetary benefits and relocation services, *see* 42 U.S.C. § 4622(a), § 4622(c), § 4625(b), § 4625(c), *see also* 49 C.F.R. § 24.201. Two months after its initial application, therefore, considering itself to be an "aggrieved person" whose "application for assistance" the city had "failed to properly consider," Wax 'n Works requested an appeal, *see* 49 C.F.R. § 24.10(b), of the city's "determination," *see* 49 C.F.R. § 24.203(a)(5), § 24.207(g). During the succeeding two months, Wax 'n Works repeatedly requested an appeal and eventually submitted a second amended application for "relocation assistance, services, payments and benefits," *see* Minn. Stat. Ann. § 117.52.1. Finally, approximately five months after its initial application and approximately three months after its first request for an appeal, Wax 'n Works sued the city, asking for compensatory damages, punitive damages, and other "just and equitable relief" (presumably an injunction ordering the city to grant an appeal to Wax 'n Works).

In the first count of its complaint, Wax 'n Works contended that the city had failed to provide, or even offer, the monetary benefits and relocation services to which Wax 'n Works was entitled under Minnesota law, *see* 42 U.S.C. § 4622(a), § 4622(c)

(money); § 4625(b), § 4625(c) (services); *see also* 49 C.F.R. § 24.201, § 24.205(c)(2)(i) (in general); § 24.203(a)(1), § 24.207(a), § 24.207(b), § 24.207(c), § 24.303(a), § 24.303(c), § 24.303(e), § 24.304(a), § 24.306(a), § 24.306(e) (money); § 24.203(a)(2), § 24.205(a)(3), § 24.205(a)(4), § 24.205(c)(1), § 24.205(c)(2)(iii), § 24.205(c)(2)(iv), § 24.205(c)(2)(v), § 24.303(b)(1) (services). Wax 'n Works asserted in addition that the city had failed to provide "expeditious" consideration of the application that Wax 'n Works made for monetary benefits and relocation services, *see* 49 C.F.R. § 24.207(b), *see also* 49 C.F.R. § 24.207(g). Finally, Wax 'n Works maintained that the city had failed to provide the appeal to which Wax 'n Works was entitled under Minnesota law, *see* 49 C.F.R. § 24.10(a), § 24.10(b). These failures, Wax 'n Works stated, were violations of Minnesota law for which relief was available under 42 U.S.C. § 1983.

In the second count of its complaint, Wax 'n Works reiterated its contentions with respect to the city's failures to act. Wax 'n Works then asserted that the collective effect of those failures was so serious as to amount to a deprivation of property without due process of law, in violation of the fourteenth amendment to the Constitution. We construe this assertion as a procedural due process claim.

Three weeks after Wax 'n Works sued, the city paid about two-thirds of the money for which Wax 'n Works had applied; the city also scheduled an appeal for Wax 'n Works with respect to the rejection of the remaining one-third of the money and of the relocation services for which Wax 'n Works had applied. The city then moved to dismiss the lawsuit for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), arguing, first, that 42 U.S.C. § 1983 does not provide relief for violations of state law and, second, with respect to the procedural due process claim, that Wax 'n Works had failed to exhaust the remedies available under Minnesota law.

The district court accepted the arguments of the city and dismissed both counts of the suit without prejudice. Wax 'n Works does not appeal that dismissal order.

Wax 'n Works then moved for attorney's fees, contending that its lawsuit served as a catalyst for the city's actions in paying part of the money applied for and in scheduling an appeal, and therefore that Wax 'n Works was a prevailing party entitled to attorney's fees. The district court denied the motion for attorney's fees, and Wax 'n Works appeals that denial.

## II.

The first count of the complaint contended that 42 U.S.C. § 1983 was a basis for relief with respect to the city's alleged violations of the Minnesota statute. It is well settled, however, that § 1983 may be an avenue for relief only when a plaintiff asserts that violations of *federal* rights have occurred. *See*, *e.g.*, *Pace v. City of Des Moines*, 201 F.3d 1050, 1055 (8th Cir. 2000); *see also Baker v. McCollan*, 443 U.S. 137, 146 (1979). On that ground, the district court dismissed the first count of the complaint for failure to state a claim.

The second count of the complaint, the procedural due process claim, does implicate federal rights, because its basis is the fourteenth amendment to the Constitution. Structurally, however, we treat that claim as one for which § 1983 may provide relief, since the claim may not be brought directly under the fourteenth amendment. *See*, *e.g.*, *Jett v. Dallas Independent School District*, 491 U.S. 701, 735 (1989).

Under federal law, a litigant asserting a deprivation of procedural due process must exhaust state remedies before such an allegation states a claim under § 1983. *See*, *e.g.*, *Flint Electric Membership Corp. v. Whitworth*, 68 F.3d 1309, 1313 (11th Cir. 1995) (*per curiam*), *modified*, 77 F.3d 1321 (11th Cir. 1996) (*per curiam*); *Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 43 (1st Cir. 1994); *New Burnham Prairie Homes, Inc. v. Village of Burnham*, 910 F.2d 1474, 1480 (7th Cir. 1990); and *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1998). Minnesota law does provide several avenues to challenge a city's "determination," *see* 49 C.F.R. § 24.203(a)(5),

§ 24.207(g), with respect to eligibility, *see* 42 U.S.C. § 4622, § 4625, *see also* 49 C.F.R. § 24.201, § 24.205(c)(2)(i), for monetary benefits and relocation services, *see* 49 C.F.R. § 24.10(b).

The initial source of relief for the city's unfavorable "determination" is what the federal regulations denominate an appeal to the relevant administrative agency, *see* 49 C.F.R. § 24.10(a), § 24.10(b). In the context of a state statute that adopts the federal regulations, however, the city *is* the agency in question. Because of this anomaly, the parties evidently agreed to treat as an administrative agency appeal a proceeding with a single hearing officer who was not involved in the city's original decision to pay only two-thirds of the money and to deny the relocation services for which Wax 'n Works had applied. *See* 49 C.F.R. § 24.10(h); *see also In re Application for Relocation Benefits of Wax 'n Works v. City of St. Paul*, 1999 WL 185174, at *2 (Minn. Ct. App. April 6, 1999).

In the context of the state's adoption of the federal regulations, the hearing officer is required to "make a written determination on the appeal ... and ... advise the [applicant for monetary benefits and relocation services] of [the] right to seek judicial review." *See* 49 C.F.R. § 24.10(g); *see also In re Application*, 1999 WL 185174, at *2. Under the Minnesota statute, therefore, the source of relief subsequent to the administrative agency appeal is review by a court. The Minnesota courts have held that judicial review of an administrative agency decision is available through a writ of certiorari from a state appellate court. *See Naegele v. Minneapolis Community Development Agency*, 551 N.W.2d 235, 236-37 (Minn. Ct. App. 1996).

It is undisputed that when Wax 'n Works filed its complaint, when the city moved to dismiss the lawsuit, and, indeed, when the district court did so, Wax 'n Works had not requested judicial review by a state appellate court and thus had not exhausted the state remedies available. Exhaustion of state remedies is necessary before any federal procedural due process allegations state a claim under § 1983. *See, e.g., Flint*

*Electric Membership Corp.*, 68 F.3d at 1313; *Perez-Ruiz,* 25 F.3d at 43; *New Burnham Prairie Homes, Inc.*, 910 F.2d at 1480; and *Brady*, 863 F.2d at 211.  On that ground, the district court dismissed the second count of the complaint for failure to state a claim.  This dismissal could more properly have been made pursuant to Fed. R. Civ. P. 12(b)(1) because the case is not ripe for adjudication.  *See*, *e.g.*, *Taylor Investment, Ltd. v. Upper Darby Township*, 983 F.2d 1285, 1290 (3d Cir. 1993), and *St. Clair v. City of Chico*, 880 F.2d 199, 201, 204 (9th Cir. 1989), *cert. denied*, 493 U.S. 993 (1989); *see also* 5A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure:  Civil* 2d  § 1350, at 195 (1990); 13A Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure:  Jurisdiction* 2d § 3532.1, at 93 (1999 supplement); and *Taylor Investment, Ltd.*, 983 F.2d at 1293, 1293 n.14.  Wax 'n Works did not appeal the district court's order of dismissal, however, and we think that the matter of fees remains unaffected by the error in any case.

### III.

We turn at this point, then, to the question of whether Wax 'n Works may be considered a prevailing party for purposes of attorney's fees in this case.  As noted above, within three weeks after Wax 'n Works filed its lawsuit, the city paid some of the relocation money that Wax 'n Works sought; contemporaneously, the city scheduled an appeal for Wax 'n Works.  Because of the temporal proximity of the city's actions to the filing of the lawsuit, Wax 'n Works maintains that the lawsuit was a catalyst for the city's actions.  In such circumstances, Wax 'n Works contends, it is considered a prevailing party and may recover its attorney's fees.  Wax 'n Works is correct in its summary of the law, *see Little Rock School District v. Pulaski County Special School District No. 1*, 17 F.3d 260, 262 (8th Cir. 1994), *see also United Handicapped Federation v. Andre*, 622 F.2d 342, 346-47 (8th Cir. 1980), but mistaken with respect to the applicability of those principles in our case.

In the usual case, of course, there can be no question that a party that fails to state a claim cannot be a prevailing party. *See*, *e.g.*, *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1010-11 (8th Cir. 1993). Although we have not discovered a case with the exact configuration that ours has, we think that in principle a party that fails to state a claim cannot recover attorney's fees even if the litigation was a cause in fact of a settlement of the underlying grievance or caused a defendant to alter its conduct in some material way. That is because the purpose of 42 U.S.C. § 1988 is to encourage and reward the vindication of federal statutory and constitutional rights. If no such rights are involved, or if no such rights are ripe for adjudication at the time the plaintiff files a complaint, an award of attorney's fees at best would be a windfall and at worst would encourage litigation that is frivolous or belongs exclusively to a non-federal forum. We decline to encourage such conduct. That being so, we find no abuse of discretion, *see Consolidated Beef Industries, Inc. v. New York Life Insurance Co.*, 949 F.2d 960, 966 (8th Cir. 1991), *cert. denied*, 503 U.S. 985 (1992), in the district court's denial of attorney's fees to Wax 'n Works.

## IV.

For the reasons stated, we affirm the order of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-