# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-2669

_____

Parke W. Little

*Plaintiff - Appellant*

v.

Charles A. Rummel; Stewart Stenberg; Matthew Kolling

*Defendants - Appellees*

Clarence A. Tuhy, in their official and individual capacities

*Defendant*

City of Dickinson, North Dakota

*Defendant - Appellee*

County of Stark, North Dakota

*Defendant*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: March 11, 2015
Filed: June 30, 2015
[Unpublished]

_____

Before WOLLMAN, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

In this appeal, Parke Little challenges the district court's[1] grant of summary judgment in favor of Charles Rummel, Stewart Stenberg, Matthew Kolling and the City of Dickinson, North Dakota (the city defendants), and in favor of Clarence Tuhy and the County of Stark, North Dakota; and the court's resulting dismissal of all claims.[2]

Rummel, chief of the Dickinson Police Department, terminated Little on June 30, 2008. Several events leading up to that termination are the basis of this suit, all of which Little alleges as "incidents" in his complaint. At the forefront are Little's actions on June 16, 2008, in a situation involving two persons who had been arrested by other officers after they were involved in a motor vehicle accident and fled on foot. Little claimed that his termination was the result of, or retaliation for, the many incidents expressed in his complaint; however, the city stated it was Little's use of excessive force during the June 16 arrests and his failure to credibly explain that incident to the city that supported the decision to terminate Little.

On de novo review, Satcher v. University of Arkansas at Pine Bluff Board of Trustees, 558 F.3d 731, 734 (8th Cir. 2009), we agree with the district court that summary judgment in favor of the city defendants is proper. See 8th Cir. R. 47B. In

_____

[1]The Honorable Charles S. Miller, Jr., United States Magistrate Judge for the District of North Dakota, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

[2]Appellees Clarence A. Tuhy and the County of Stark, North Dakota, were, by stipulation, dismissed in September 2014 while this matter pended on appeal.

its order, the district court thoroughly discusses peripheral issues raised by the parties but, at bottom, Little failed to exhaust state remedies following the Dickinson Civil Service Commission's approval of Little's termination–a prerequisite to bringing his 42 U.S.C. § 1983 action–and thus his post-deprivation procedural due process claims fail.  Wax 'n Works v. City of St. Paul, 213 F.3d 1016, 1019 (8th Cir. 2000) ("Under federal law, a litigant asserting a deprivation of procedural due process must exhaust state remedies before such an allegation states a claim under [42 U.S.C.] § 1983."). We likewise affirm the district court's grant of summary judgment in favor of the city defendants on Little's remaining constitutional and state-law negligence claims for the reasons stated by the district court in its detailed and well-reasoned opinion.

_____