# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-3512

_____

Sandra Nance; Marcus Nance

*Plaintiffs - Appellants*

v.

Humane Society of Pulaski County, et al.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: August 4, 2016
Filed: August 4, 2016
[Unpublished]

_____

Before LOKEN, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Sandra and Marcus Nance appeal the district court's[1] order dismissing this 42
U.S.C. § 1983 action they brought against the Humane Society of Pulaski County

_____

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern
District of Arkansas.

(HSPC), certain individuals associated with HSPC, Lonoke County, and certain individual officers and members of the Lonoke County Sheriff's Office. The suit arose out of the seizure of over one hundred dogs from the Nances' property in rural Arkansas, as well as the twenty-five month retention of the dogs during the completion of criminal animal-cruelty charges against the Nances. The Nances alleged violations of their constitutional rights under the Fourth and Fourteenth Amendments, and also asserted several state-law claims against various defendants. The district court dismissed the Nances' federal claims under Federal Rule of Civil Procedure 12(b)(6) and declined to exercise supplemental jurisdiction over their state-law claims pursuant to 28 U.S.C. § 1367(c)(3). Reviewing the dismissal de novo, see Martin v. Iowa, 752 F.3d 725, 727 (8th Cir. 2014), we affirm.

The Nances' Fourth Amendment claims are barred by collateral estoppel because they unsuccessfully challenged the validity of the search and seizure in the state criminal case charging them with several counts of animal cruelty. See Simmons v. O'Brien, 77 F.3d 1093, 1096 (8th Cir. 1996) ("When a federal constitutional issue is previously decided in a state criminal proceeding following a full and fair hearing, issue preclusion will therefore bar relitigation of that issue in a § 1983 action."). We reject the Nances' contention that they did not have a full and fair opportunity to litigate the validity of the search and seizure because the state trial court determined only the issue of consent, and on Sandra's appeal of her conviction, the Arkansas Supreme Court declined to address her alternative argument that an unlawful search had already started before she gave consent. Under Arkansas law, it was Sandra's burden to obtain a ruling on her alternative argument in the state trial court, see Nance v. State, 433 S.W.3d 872, 878 (Ark. 2014), and her own failure to preserve a particular argument for state appellate review does not render collateral estoppel inapplicable.

The Nances' due process claims arising from the retention of the dogs were properly dismissed because the lack of a pre-deprivation hearing does not violate the constitution where the undisputed facts show the dogs were initially seized out of an

immediate concern for their safety and well-being, see, e.g., Reams v. Irvin, 561 F.3d 1258, 1264 (11th Cir. 2009) (applying the Mathews v. Eldridge balancing test to reject a claim that a pre-deprivation hearing is required when a state statutory scheme authorizes the impoundment of animals for safety reasons); United Pet Supply, Inc. v. Chattanooga, Tenn., 768 F.3d 464, 486-87 (6th Cir. 2014) (concluding the government's interest in immediately removing animals from an unsafe environment outweighed a property owner's right to a hearing prior to the seizure), and the district court properly concluded the Nances did not exhaust all available post-deprivation remedies, which included their failure to appeal the dismissal of a petition for the return of their dogs initiated in state district court pursuant to Ark Code Ann. § 5-62-106. See Wax 'n Works v. St. Paul, 213 F.3d 1016, 1020 (8th Cir. 2000) (holding that exhaustion of available state remedies is required "before any federal procedural due process allegations state a claim under § 1983").

Any remaining federal claims were correctly dismissed for the reasons stated by the district court. Having properly dismissed the federal claims, the district court acted within its discretion in dismissing without prejudice the state-law claims. Accordingly, we affirm. See 8th Cir. R. 47B.

_____