**Robert HARRIS and Pilar Harris, his wife, Plaintiffs-Appellants,**

**v.**

**Paul ERICSON, Defendant-Appellee.**

**No. 71–1354.**

United States Court of Appeals, Tenth Circuit.

March 30, 1972.

Frederick J. McCarthy, Albuquerque, N. M., for plaintiffs-appellants.

Scott McCarty, Albuquerque, N. M., for defendant-appellee.

Before HILL, HOLLOWAY and Mc-WILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Robert Harris, on behalf of himself and his wife, brought a civil rights action under the public accommodation provisions of 42 U.S.C. § 2000a against one Paul Ericson, the owner and operator of a combination gas station and trading post in San Fidel, New Mexico, alleging that Ericson had refused them service and had ordered them to leave the trading post because Robert Harris was black. In the complaint, Harris also alleged that Ericson was the appointed postmaster for San Fidel and that he had also denied them the use of the post office. By stipulation of the parties it was subsequently agreed that Ericson

was being sued "in his capacity as owner-operator of a gasoline station and trading post."

Ericson filed a motion to dismiss based on the fact that the complaint failed to affirmatively allege that Harris had given notice to the New Mexico Human Rights Commission of the alleged discrimination before commencement of his action in federal court, as is said to be required by § 2000a–3(c). The trial court granted the motion and dismissed the action. Harris now appeals. We affirm.

In this court Harris concedes that he never gave notice of the alleged acts of discrimination to the New Mexico Human Rights Commission, but he argues that under the provisions of § 2000a–6(a) he need not exhaust his other remedies before instituting a proceeding under § 2000a–3(a) and that accordingly he is excused from giving notice to the Human Rights Commission. We do not agree with this reasoning.

§ 2000a–3(a) authorizes the bringing of a civil action for preventive relief whenever a person has engaged in any act or practice prohibited by § 2000a–2. § 2000a–3(c) then reads as follows:

"In the case of an alleged act or practice prohibited by this subchapter which occurs in a State, or political subdivision of a State, which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no civil action may be brought under subsection (a) of this section before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings."

It is agreed that New Mexico has state law which prohibits the act or practice about which Harris makes complaint and that it has created an administrative agency whose duty it is to seek relief from such practice. N.M.S.A., 1953 Compilation, 4–33–1 through 13. As indicated, Harris admits that he did not give notice to the New Mexico Human Rights Commission before bringing the present action, and in connection therewith Harris indicates that it is now too late to give notice, inasmuch as the state statute in question requires that such notice be given within ninety days from the date of the discriminatory act. N.M.S.A., 1953 Compilation, 4–33–9. Under such circumstances, according to Harris, the provisions of § 2000a–6(a) concerning exhaustion of remedies come into play and permit the bringing of the action even though he bypassed the New Mexico Human Rights Commission.

■ Our attention has not been directed to any case bearing on the precise point. It has been held, however, that the notice requirement of § 2000a–3(c) applies to individual suits brought under § 2000a–3(a) and does not apply to suits brought by the Attorney General under § 2000a–5. United States v. Gray, 315 F.Supp. 13 (U.S.D.C. Rhode Island 1970). Such lack of direct authority is not surprising in view of the fact that the statute itself in very understandable language precludes institution of a federal court proceeding of this particular type without first giving the state an opportunity to remedy the situation, assuming, of course, that the state in question has state or local law on the subject. The legislative intent appears to us to be quite clear.

■ Nor do we believe that a different outcome is dictated by § 2000a–6(a). The two sections here under consideration are actually not in conflict, but can be read in harmony by giving each its natural meaning. § 2000a–6(a) provides that the district courts of the United States shall have jurisdiction of proceedings instituted pursuant to this

particular subchapter "without regard to whether the aggrieved party shall have exhausted any administrative or other remedies that may be provided by law." Without getting involved in a definitive analysis of § 2000a–6(a), we agree that any outlawing of the doctrine of *exhaustion* of remedies does not negate the earlier requirement of the statute that before federal action of the particular type with which we are here concerned be commenced, the state must be given the *opportunity* to invoke its remedies. In short, § 2000a–3(c) requires that no action shall be brought under that particular section of the act before the expiration of thirty days after notice of such alleged discriminatory act has been given the appropriate state agency; whereas, § 2000a–6(a) simply provides that one who, for example, has given notice to the appropriate state agency need not thereafter exhaust such remedy before the district court acquires jurisdiction. When thus construed, we see no conflict between these two sections.

Judgment affirmed.