# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2466

_____

Frank Bilello,

         Appellant,

v.

Kum & Go, LLC;
Krause Gentle Corporation,

         Appellees.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Nebraska.
\*
\*
\*
\*

_____

Submitted: March 8, 2004
Filed: July 8, 2004

_____

Before RILEY, McMILLIAN, and MELLOY, Circuit Judges.

_____

RILEY, Circuit Judge.

Frank Bilello (Bilello), a Caucasian male, appeals the dismissal of his First Amended Complaint alleging Kum & Go, LLC, and Krause Gentle Corporation (collectively Kum & Go) violated 42 U.S.C. §§ 2000a and 1981 (2000) by refusing patrons access to restroom facilities at stores located east of 42nd Street in Omaha, Nebraska, while permitting patrons access to restroom facilities at stores located west of 42nd Street. Bilello contends the Omaha area located east of 42nd Street is racially

mixed and economically distressed. The district court[1] dismissed the claims, without prejudice, for failure to state a claim on which relief can be granted. Bilello appeals. We generally affirm.

## I.    BACKGROUND

Bilello is an Iowa resident employed by Service One, which provides in-home appliance repairs. Bilello works in residences located in the north and south sections of Omaha, which, Bilello alleges, are "racially mixed and economically distressed." Kum & Go is a limited liability company doing business in Omaha, and is owned by Krause Gentle Corporation. Kum & Go stores are located throughout Omaha and sell gasoline, ready-to-eat foods, and sundries.

Bilello alleges Kum & Go engages in a discriminatory "practice and policy . . . [of] provid[ing] restroom facilities to their customers outside the North and South Omaha areas and [of] refus[ing] restroom services to their customers, including [Bilello], east of 42nd Street, Omaha, Douglas County, Nebraska." On multiple occasions, Bilello purchased goods at Kum & Go stores located east of 42nd Street, but store employees repeatedly refused Bilello access to restroom facilities, causing him discomfort, inconvenience, and embarrassment. Bilello alleges the patron restroom practice and policy at Kum & Go stores located east of 42nd Street constitute willful violations of 42 U.S.C. §§ 2000a(a) and 1981.[2] Bilello seeks injunctive relief as well as compensatory and punitive damages, costs, and attorney

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

[2]In his original complaint Bilello alleged Kum & Go was in willful violation of Omaha Municipal Code § 49-492 (Code). Because Bilello did not allege the Code provides any civil remedies or private right of action, the district court dismissed the claim for failure to state a claim upon which relief may be granted. Bilello did not re-plead the alleged Code violation claim in his First Amended Complaint.

fees. Kum & Go filed a motion to dismiss, which the district court granted for failure to state a claim upon which relief may be granted.

On appeal, Bilello argues the district court erred in ruling he (1) did not have standing to raise issues of racial discrimination directed against unidentified residents of north and south Omaha; and (2) failed to state causes of action under 42 U.S.C. §§ 2000(a) and 1981.

## II.    DISCUSSION
### A.    42 U.S.C. § 2000a

By its plain language, 42 U.S.C. § 2000a-3(c) requires notice to the state or local authority as a prerequisite to filing a civil action when a state or local law prohibits discrimination in public accommodations and provides a remedy for such practice. Subsection (c) proscribes a civil action may not be brought under section 2000a-3(a) "before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person." Id.

Nebraska has enacted laws prohibiting discriminatory public accommodation practices and has conferred authority on an administrative agency to investigate, resolve, and, when necessary, redress discriminatory practices. Nebraska law guarantees "[a]ll persons within this state shall be entitled to a full and equal enjoyment of any place of public accommodation, as defined in sections 20-132 to 20-143, without discrimination or segregation on the grounds of race, color, sex, religion, national origin, or ancestry." Neb. Rev. Stat. § 20-132 (Reissue 1991). Section 20-139 directs that sections 20-132 to 20-143 "shall be administered by the [Nebraska] Equal Opportunity Commission" (Commission) and further provides that county attorneys are authorized to enforce these statutory sections and "possess the same powers and duties" as the Commission. Id. § 20-139 (Supp. 2002).

At least two federal circuit courts have ruled that when a state has enacted laws to protect against discriminatory public accommodation practices, a Title II plaintiff must establish he has satisfied the procedural prerequisites of section 2000a-3(c) before filing a civil action in federal court. See Stearnes v. Baur's Opera House, Inc., 3 F.3d 1142, 1144-45 (7th Cir. 1993) (Illinois law); Harris v. Ericson, 457 F.2d 765, 766 (10th Cir. 1972) (New Mexico law). Although Bilello apparently attempted to comply with the procedural requirements of 42 U.S.C. § 2000a-3(c) by filing written notice of the alleged discriminatory practice with the City of Omaha's Human Relations Director, Nebraska law expressly declares the laws guaranteeing full and equal enjoyment to public accommodation shall be administered by the Commission.[3] See Neb. Rev. Stat. § 20-139 (Supp. 2002).

Since the requirements of section 2000a-3(c) are jurisdictional, we join the Seventh and Tenth Circuits in holding these procedural prerequisites must be satisfied before we have jurisdiction over a section 2000a claim. See Stearnes, 3 F.3d at 1144; Harris, 457 F.2d at 767. We recognize the issue of jurisdiction was not raised below by the parties or the district court. However, when the record indicates jurisdiction may be lacking, we must consider the jurisdictional issue sua sponte. See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 828 (8th Cir. 2004) (explaining "[a]ny party or the court may, at any time, raise the issue of subject matter jurisdiction"); Thomas v. Basham, 931 F.2d 521, 522-23 (8th Cir. 1991) (clarifying that federal courts have limited jurisdiction, and "every federal appellate court has a special obligation to consider its own jurisdiction" and raise sua sponte jurisdictional issues "when there is an indication that jurisdiction is lacking, even if the parties concede the issue"). Because the record establishes Bilello failed to notify

---

[3]The record contains no indication the City of Omaha's Human Relations Director forwarded Bilello's complaint to either the Commission or the Douglas County Attorney.

4

the Commission of the alleged discriminatory public accommodation practice and policy, we lack jurisdiction to review the district court's dismissal of the 2000a claim.

### B.	42 U.S.C. § 1981

Bilello also contends Kum & Go's alleged discriminatory public accommodation practice constitutes a willful violation of 42 U.S.C. § 1981, which, in relevant part, provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).  Bilello claims Kum & Go's refusal to allow patrons access to restroom facilities at stores located east of 42nd Street is founded in race discrimination and denies him the full and equal benefit of the laws.  Kum & Go argues Bilello, a Caucasian, lacks standing to bring such a claim.

The vast majority of cases filed pursuant to section 1981 allege intentional discriminatory conduct prompted by a hostile animus towards the plaintiff's race.  On occasion, courts have permitted cases to proceed where a plaintiff alleges a discriminatory practice was motivated by a hostile animus to another person's or group's race.  Typically, courts have limited these third-party standing cases to situations in which the plaintiff is the direct target of discrimination.  See Des Vergnes v. Seekonk Water Dist., 601 F.2d 9, 13-14 (1st Cir. 1979) (concluding section 1981 confers an "implied Right of action against any other person who, with a racially discriminatory intent, interferes with [the plaintiff's] right to make contracts with non-whites"; the statute also confers "an implied Right of action against any other person

who, with a racially discriminatory intent, injures [the plaintiff] because he made contracts with non-whites"); see also Winston v. Lear-Siegler, Inc., 558 F.2d 1266, 1270 (6th Cir. 1977); cf. Sullivan v. Little Hunting Park, 396 U.S. 229, 237 (1969) (reaching parallel result under § 1982).  The D.C. Circuit has declared that implicit in these cases, cited infra, "is a cause of action protecting people from private retaliation for refusing to violate other people's rights under § 1981, or for exercising their own § 1981 rights."  Fair Employment Council of Greater Wash., Inc. v. BMC Mktg. Corp., 28 F.3d 1268, 1279-80 (D.C. Cir. 1994).

Third-party standing for section 1981 claims is also permitted in cases involving discriminatory action taken directly against a non-minority person because of the person's relationship to, association with, or advocacy of minorities.  See Clayton v. White Hall Sch. Dist., 875 F.2d 676, 678-80 (8th Cir. 1989) (concluding white employee had standing under section 1981 to raise issue of racial discrimination directed against minority co-worker); Phelps v. Wichita Eagle-Beacon, 886 F.2d 1262, 1266-67 (10th Cir. 1989) (concluding white attorney had standing under section 1981 to sue newspaper publishing allegedly false articles because attorney represented minority clients); Alizadeh v. Safeway Stores, Inc., 802 F.2d 111, 114-15 (5th Cir. 1986) (permitting section 1981 suit by white plaintiff terminated because of marriage to minority spouse); Parr v. Woodmen of the World Life Ins. Co., 791 F.2d 888, 890 (11th Cir.1986) (same); Fiedler v. Marumsco Christian Sch., 631 F.2d 1144, 1150 (4th Cir. 1980) (concluding white father and two white daughters had standing under section 1981 to file suit against private sectarian school for terminating contractual relationship with white daughters because of one daughter's association with black student at school); DeMatteis v. Eastman Kodak Co., 511 F.2d 306, 312, modified on reh'g, 520 F.2d 409 (2d Cir. 1975) (allowing suit under section 1981 where white employee claimed his company forced him to retire because he sold his house to a fellow black employee).

Assuming, without deciding, these standing principles enunciated in section 1981 right-to-contract cases apply equally to section 1981 equal benefit cases, these standing principles are simply not implicated in this case. Here, the challenged practice and policy of refusing patrons access to restroom facilities was not specifically targeted at Bilello, nor has Bilello alleged he was refused access to restroom facilities because of his close relationship to, association with, or advocacy of minorities. Nor has Bilello alleged "some hindrance to the third party's ability to protect his or her own interests." Powers v. Ohio, 499 U.S. 400, 411 (1991). If minority individuals patronizing Kum & Go stores located east of 42nd Street are being refused access to restroom facilities, then those individuals or persons related to or associated with them may file a section 1981 action. Because Bilello has not met the minimum requisites for third-party standing, we conclude the district court properly dismissed his section 1981 claim.

Finally, with regard to section 1981's right to "the full and equal benefit of all laws," we have recognized that "[b]ecause the state is the sole source of the law, it is only the state that can deny the full and equal benefit of the law." Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001) (quoting Chapman v. Higbee Co., 256 F.3d 416, 421 (6th Cir. 2001), rev'd en banc, 319 F.3d 825 (6th Cir. 2003)).[4] As such, we have held "[u]nder the Full-and-Equal Benefit clause [of 42

---

[4]The Sixth Circuit granted rehearing en banc in Chapman and reversed the panel decision, with a majority holding "section 1981 plainly protects against impairment of its equal benefit clause by private discrimination." Chapman, 319 F.3d at 833, petition for cert. filed, 71 U.S.L.W. 3725 (U.S. May 06, 2003) (No. 02-1646). The Second Circuit, while "assuming that Section 1981 requires a nexus to state proceedings or laws," also held "the equal benefit clause of Section 1981(a) does not require state action." Phillip v. Univ. of Rochester, 316 F.3d 291, 298-99 (2d Cir. 2003). Under Eighth Circuit practice, we are bound to follow our precedents in Youngblood and a subsequently decided case, Bediako v. Stein Mart, Inc., 354 F.3d 835 (8th Cir. 2004). Even if this circuit, sitting en banc, were to reverse its prior holdings requiring state action for claims brought pursuant to section 1981's equal

7

U.S.C. § 1981 a plaintiff must] allege that some sort of state action contributed to [the plaintiff's] being discriminated against." <u>Bediako v. Stein Mart, Inc.</u>, 354 F.3d 835, 838 n.3 (8th Cir. 2004) (citing <u>Youngblood</u>, 266 F.3d at 855). Bilello has not alleged state action caused him to be denied the full and equal benefit of the laws; nor has Bilello alleged the government was in a position of interdependence with Kum & Go or was so connected with the actions of the Kum & Go store managers and employees, that the alleged discriminatory practice may be attributed to the state. Therefore, Bilello's section 1981 equal benefit claim fails as a matter of law. <u>See Youngblood</u>, 266 F.3d at 855.

## III.  CONCLUSION

We affirm the dismissal, without prejudice, of Bilello's section 2000a claim for lack of jurisdiction, and we dismiss, with prejudice, Bilello's section 1981 equal benefit claim for want of standing and for failure to allege state action.

_____

_____

benefit clause, we believe the facts alleged by Bilello do not support a viable section 1981 equal benefit claim under the standards articulated by the Sixth and Second Circuits. <u>See</u> <u>Chapman</u>, 319 F.3d at 832 (declaring "[a] litigant must demonstrate the denial of the benefit of a law or proceeding protecting his . . . personal security or a cognizable property right"); <u>Phillip</u>, 316 F.3d at 298 (declaring "[p]rospective plaintiffs . . . must identify a relevant law or proceeding for the 'security of persons and property'") (quoting 42 U.S.C. § 1981(a)).