# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2797

_____

Layla Ahmed Ali,                          *
                                          *
    Plaintiff - Appellant,       *
                                          *
                                          *   Appeal from the United States
v.                                        *   District Court for the
                                          *   District of Minnesota.
Officer Scott Ramsdell; City of           *
Minneapolis, Minnesota,                   *
                                          *
    Defendants - Appellees.      *

_____

Submitted: February 14, 2005
    Filed: September 9, 2005

_____

Before LOKEN, Chief Judge, RILEY and SMITH, Circuit Judges.

_____

LOKEN, Chief Judge.

Minneapolis Police Officer Scott Ramsdell executed a warrant to search for evidence of drug trafficking at the home of Layla Ahmed Ali. Ramsdell subsequently filed a warrant inventory and return form stating that he seized a suitcase, a notebook, a quantity of khat, and $4,960 from the residence. No charges were filed, and the $4,960 was eventually returned to Ali. She then filed this lawsuit in state court against Ramsdell and the City of Minneapolis, alleging that Ramsdell seized an additional $4,920 during the search of her home and converted the money to his own use. Ali asserted § 1983 claims for alleged violations of her Fourth Amendment and due process rights plus state law claims for violation of the Minnesota Constitution,

common law trespass, conversion, and defamation.  Defendants removed the case to the district court; Ali did not move to remand.  On the eve of trial, after counsel for Ali advised that she was not pressing the Fourth Amendment claims, the district court[1] remanded the case to state court, concluding that Ali's remaining due process claim lacked the "substance" needed to confer federal court jurisdiction in light of the Supreme Court's decision in Hudson v. Palmer, 468 U.S. 517 (1984).  Ali appeals. We affirm though on a somewhat different ground.

## I.  Is the Remand Order Appealable?

Defendants removed the case because Ali's complaint included federal § 1983 claims within the district court's original jurisdiction.  See 28 U.S.C. § 1441(b).  The district court acquired supplemental jurisdiction over Ali's state law claims.  See 28 U.S.C. § 1367(a); Franklin v. Zain, 152 F.3d 783, 786 (8th Cir. 1998).  Assuming for the moment that the § 1983 claims were defective, our appellate jurisdiction to review the remand order turns on the nature of the defect.  If the defect caused the district court to "lack subject matter jurisdiction," then 28 U.S.C. § 1447(c) required the court to remand the case to state court, and its remand order "is not reviewable on appeal or otherwise."  28 U.S.C. § 1447(d); see Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 346 (1976).  On the other hand, if the § 1983 claims were dismissed on the merits, then the district court had *discretion* to remand the pendent state law claims.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350-51 (1988). Because the Supreme Court has limited the scope of § 1447(d) to remand orders based on grounds listed in § 1447(c), and because a Cohill-type remand order "puts the litigants effectively out of court," we have consistently held that Cohill-type remand orders are final and appealable.  St. John v. Int'l Ass'n of Machinists & Aerospace Workers, 139 F.3d 1214, 1217 (8th Cir. 1998) (quotation omitted); see Green v.

_____

[1]The HONORABLE DAVID S. DOTY, United States District Judge for the District of Minnesota.

Ameritrade, Inc., 279 F.3d 590, 595 (8th Cir. 2002). The Supreme Court seems to agree with this reading of its prior cases, though the question has not been squarely decided. See Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 130 (1995) (Kennedy, J., concurring).

The district court in this case expressly based its remand order on the lack of subject matter jurisdiction. That would preclude appellate review, but "[w]e are required to determine by independent review the actual grounds for the district court's remand order." Lindsey v. Dillard's, Inc., 306 F.3d 596, 598 (8th Cir. 2002) (quotation omitted). This inquiry enmeshes us in the somewhat uncertain authorities that draw the line between no jurisdiction and unsound claims. In Bell v. Hood, 327 U.S. 678 (1946), plaintiffs sued FBI agents, asserting constitutional claims under the Fourth and Fifth Amendments and pendent common law claims under state law. The district court dismissed the entire complaint for lack of federal court jurisdiction, and the court of appeals affirmed. The Supreme Court reversed:

> [P]etitioners seek recovery squarely on the ground that respondents violated the Fourth and Fifth Amendments. . . . [W]here the complaint, as here, is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions later noted, must entertain the suit. . . . Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction. The previously carved out exceptions are . . . where the alleged claim . . . clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction *or where such a claim is wholly insubstantial and frivolous.*

327 U.S. at 681-83 (emphasis added). The Court continues to adhere to this "wholly insubstantial and frivolous" jurisdictional exception. See Bray v. Alexandria Women's Health Clinic 506 U.S. 263, 285 (1993). That the exception continues to be narrow, as Bell v. Hood emphasized, is confirmed by its description in Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974) (a claim "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court").

Viewed in light of these cases, we conclude that the district court had subject matter jurisdiction in this case, even if Ali's § 1983 claims were properly dismissed prior to trial. The complaint clearly alleged violations of her Fourth Amendment and due process rights. Those claims were not facially devoid of merit, as defendants' unchallenged removal illustrates. Rather, discovery was needed to establish the factual premises for deciding whether the federal claims must be dismissed because the search warrant insulates defendants from Fourth Amendment liability and an adequate state court remedy for conversion precludes the due process claims under Hudson. In other words, the federal claims are "colorable," and therefore the district court had original jurisdiction to determine whether they have merit. See Cont'l Cablevision v. U.S. Postal Serv., 945 F.2d 1434, 1439 (8th Cir. 1991). Thus, the district court's rejection of Ali's federal claims may only be upheld as a dismissal on the merits, which means that the order remanding her pendent claims to state court was an exercise of the court's discretion under 28 U.S.C. § 1367, and we have jurisdiction to review both aspects of the court's final order.[2]

---

[2]Therefore, we need not consider Ali's alternative argument that her case falls within the exception in § 1447(d) permitting appellate review of civil rights cases removed pursuant to 28 U.S.C. § 1443. See generally Georgia v. Rachel, 384 U.S. 780, 800 (1966); Neal v. Wilson, 112 F.3d 351, 355 (8th Cir.1997).

## II. Were the § 1983 Claims Properly Dismissed?

Due Process Claims.  All of Ali's § 1983 claims are based on the allegation that Ramsdell seized $9,880 hidden under a chest of drawers in Ali's bedroom, reported seizing $4,960, and stole the remaining $4,920.  In Hudson, the Supreme Court held "that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  468 U.S. at 533.  The Court was unanimous on this issue.  Here, the district court concluded that Hudson forecloses Ali's § 1983 due process claim because "plaintiff's state law conversion claim will provide her with an adequate remedy for her alleged injury."  The court further ruled that the defect rendered the due process claim so insubstantial that the court lacked subject matter jurisdiction.  As we have explained, that ruling was in error -- the court had jurisdiction over the well-pleaded § 1983 claim and ruled that Hudson barred the claim on the merits.

On appeal, Ali concedes that Hudson bars her procedural due process claim but argues that she also asserted a substantive due process claim that should not have been dismissed because Hudson does not apply to denials of substantive due process.  Assuming that this issue was preserved in the district court, we disagree with its premise.  The unanimous holding in Part II-B of Hudson's majority opinion was limited to procedural due process claims because four Justices would not join a holding that would apply "to conduct that violates a substantive constitutional right."  468 U.S. at 541 n.4 (Stevens, J., concurring in part).  However, the five other Justices clearly thought the principle should apply more broadly.  Part III of the majority opinion declared:  "We hold also that, even if petitioner intentionally destroyed respondent's personal property . . . the destruction did not violate *the Fourteenth Amendment* since the Commonwealth of Virginia has provided respondent an adequate postdeprivation remedy."  468 U.S. at 536 (emphasis added).  Justice O'Connor's concurring opinion was even more explicit:  "in challenging a property

deprivation [under the Fourth Amendment or the Due Process Clause], the claimant must either avail himself of the remedies guaranteed by state law or prove that the available remedies are inadequate." 468 U.S. at 539. Thus, Ali's substantive and procedural due process claims are barred. Accord Weimer v. Amen, 870 F.2d 1400, 1406 (8th Cir. 1989).

Fourth Amendment Claims. Ali's complaint challenged the constitutionality of the underlying search. But she abandoned that Fourth Amendment claim in the district court, instead arguing that Ramsdell violated her Fourth Amendment rights because he exceeded the scope of the search warrant when he seized and pocketed some of her money. On appeal, Ali argues that the district court erred in rejecting this claim because Ramsdell's "taking of a large portion of money without properly inventorying and providing it to the police department . . . constituted an abuse of his lawful authority under the Fourth Amendment."

We have considerable doubt whether an allegation that property appropriately seized in executing a valid search warrant but not inventoried and stored in the manner required by state law even states a claim under the Fourth Amendment. See Hudson, 468 U.S. at 540 (O'Connor, J., concurring); cf. Fox v. Van Oosterum, 176 F.3d 342, 349-52 (6th Cir. 1999). In any event, as we have explained, a majority of the Court in Hudson held that a Fourth Amendment property claim against state officials is barred by the availability of an adequate remedy under state law. Thus, Ali's Fourth Amendment claim was properly dismissed. Accord Byrd v. Stewart, 811 F.2d 554, 555 (11th Cir. 1987).

## III. Conclusion.

For the foregoing reasons, we conclude that all of Ali's federal constitutional claims should have been dismissed on the merits. With the federal claims dismissed, the district court had discretion not to exercise supplemental jurisdiction over the

pendent state law claims. As Ali does not argue on appeal that the remand order was an abuse of discretion under 28 U.S.C. § 1367, that portion of the remand order must be affirmed. See Green, 279 F.3d at 599. However, we vacate the remand order insofar as it included Ali's § 1983 claims, and we remand the case to the district court for entry of a modified final order that dismisses those federal claims on the merits.

————————————————