**Linda HARDY and Antoine Belle, Plaintiff,**

v.

**GMRI, INC., d/b/a Red Lobster, Defendant.**

**No. 3:05–CV–00002.**

United States District Court, S.D. Iowa, Davenport Division.

March 24, 2006.

T Todd Becker, Tom Riley Law Firm, Cedar Rapids, for Antoine Belle, Plaintiff.

Samuel C Anderson, Swisher & Cohrt, PLC, Waterloo, for GMRI Inc, Defendant.

T Todd Becker, Tom Riley Law Firm, Cedar Rapids, for Linda Hardy, Plaintiff.

## ORDER ON MOTIONS

PRATT, District Judge.

Before the Court are three motions: Plaintiffs' Motion to Remand to Iowa District Court (Clerk's no. 15); Plaintiffs' Motion for Leave to Amend Complaint (Clerk's No. 18); and Defendant's Motion for Summary Judgment (Clerk's No. 11). Each party has resisted the other's motion(s) and the matters are fully submitted.

## I.  BACKGROUND

The present action was filed in the Iowa District Court for Johnson County on December 22, 2004.  Plaintiffs asserted that

Defendant was liable for violation of the Civil Rights Act of 1964, specifically its prohibition against discrimination in places of public accommodation, including facilities principally engaged in selling food for consumption on the premises, as set forth in 42 U.S.C. § 2000a(b)(2). Plaintiffs also raised several theories of liability under Iowa state law, including intentional or reckless infliction of emotional distress, battery, and the intentional tort of poisoning. Plaintiffs' claims arose from the undisputed fact that, while eating at the Coralville Red Lobster restaurant, each requested freshly ground black pepper on their salads, but instead received ground carbon fish tank cleaner. Defendant filed a Notice of Removal on January 4, 2005, asserting that removal was proper pursuant to 28 U.S.C § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") and 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.").

On December 22, 2005, Defendant filed a Motion for Summary Judgment as to all of Plaintiffs' claims. With regard to Plaintiffs' Civil Rights claim, Defendant argued: "Plaintiffs failed to comply with the jurisdictional requirements of 42 U.S.C.S. § 2000a–3(c) by failing to give written notice of the claim to the Iowa Civil Rights Commission at least 30 days prior to commencing this proceeding." Def.'s Mot. for Summ. J. at 1–2. On January 24, 2006, Plaintiffs resisted Defendant's Motion for Summary Judgment as to the state law claims, but conceded that 42 U.S.C.S. § 2000a–3(c) "requires written notice to the appropriate State agency, and that none was given in the case at bar." Pl's

Resistance at 3. Accordingly, Plaintiffs did not resist the entry of summary judgment in favor of Defendant on their Civil Rights claim pursuant to 42 U.S.C. § 2000a(b)(2).

After admitting that their federal claim under the Civil Rights Act could not proceed, Plaintiffs filed a Motion to Remand the present action to Iowa District Court on January 30, 2006. In support of the Motion to Remand, Plaintiff argues that, because the Civil Rights claim is no longer part of the case, there is a resultant "loss of federal jurisdiction based on 28 U.S.C. Section 1331, and no other basis for federal jurisdiction exists." Pl.'s Mot. to Remand at 2. Plaintiffs argue that, due to a jurisdictional defect in the Civil Rights claim, remand is mandatory pursuant to 28 U.S.C. § 1447(c). In the alternative, Plaintiffs argue that the Court should exercise its discretion and remand the case pursuant to 28 U.S.C. § 1447(d). Defendant, on the other hand, argues that the case was properly removed on January 4, 2005, that remand is not mandatory, that Plaintiffs' Motion to Remand is untimely, and that, if not untimely, the Court should nevertheless decline to use its discretion to remand the case to state court.

## II. LAW AND ANALYSIS

Title 28, United States Code, section 1367 provides that, when a district court has original jurisdiction over a claim, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III . . . ." 28 U.S.C. § 1367(a). Nonetheless, when a state claim raises novel or complex issues of state law, when the state claim substantially predominates over the claims over which the district court has original jurisdiction, or when the district court has dismissed all claims over which it

has original jurisdiction, the district court "*may* decline to exercise supplemental jurisdiction." 28 U.S.C. § 1367(c) (emphasis added). There is no dispute in the present matter that, if the Court properly obtained jurisdiction over the Plaintiffs' Civil Rights claim, then the Court likewise properly obtained pendent jurisdiction of Plaintiffs' state law claims against the Defendant. Likewise, there is no dispute that all claims over which this Court may have possessed original jurisdiction have been eliminated from the case. The questions remaining then, are whether remand of the state claims to state court is required or discretionary, and if discretionary, whether the Court should exercise its discretion and remand the matter to Iowa District Court.

Title 28 U.S.C. § 1447 provides:

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*....

(d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise

....

28 U.S.C. § 1447 (emphasis added).

■ Clearly, the defect urged by Plaintiffs is one of subject-matter jurisdiction, and not some other defect in the removal procedure. Thus, Plaintiffs' alternative request for discretionary remand to state court is not subject to the thirty-day time limitation in § 1447(c), and is, therefore, timely. *See e.g., Pierpoint v. Barnes,* 94 F.3d 813, 818 (2d Cir.1996) (stating that the thirty day time period was specifically written "in terms of a defect in 'removal procedure' in order to avoid any implication that remand is unavailable after dispo-

sition of all federal questions ...."). Before evaluating whether to discretionarily remand the matter, however, the Court must first determine whether it possesses subject matter jurisdiction in this case.

■ Plaintiffs cite *Ali v. Ramsdell* in support of their position that remand for lack of subject matter jurisdiction is mandatory under the facts of this case. *Ali v. Ramsdell,* 423 F.3d 810 (8th Cir.2005). In *Ali,* the Eighth Circuit Court of Appeals reviewed a district court's remand order based on lack of subject matter jurisdiction and noted the distinction between a mandatory and a discretionary remand order:

Defendants removed the case because Ali's complaint included federal § 1983 claims within the district court's original jurisdiction. The district court acquired supplemental jurisdiction over Ali's state law claims. Assuming for the moment that the § 1983 claims were defective, our appellate jurisdiction to review the remand order turns on the nature of the defect. If the defect caused the district court to "lack subject matter jurisdiction," then 28 U.S.C. § 1447(c) required the court to remand the case to state court, and its remand order "is not reviewable on appeal or otherwise." On the other hand, if the § 1983 claims were dismissed on the merits, then the district court had *discretion* to remand the pendent state law claims.

*Ali,* 423 F.3d at 812 (internal citations omitted, emphasis in original). Quoting the Supreme Court's *Bell v. Hood* decision, the Eighth Circuit went on to state:

Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the com-

plaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction. The previously carved out exceptions are ... where the alleged claim ... clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial or frivolous.

*Id.* at 813 (quoting *Bell v. Hood,* 327 U.S. 678, 681–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946)). The determinative issue, then, is whether Plaintiffs' failure to file an administrative complaint with the appropriate state agency prior to filing suit constitutes a failure to state a claim, an outcome which would not *require* remand, or a defect in the Court's subject-matter jurisdiction, such that remand is required.

Plaintiffs' Civil Rights claim arose under 42 U.S.C. § 2000a(b)(2), which entitles all persons to "full and equal enjoyment" of goods, services, and accommodations, "of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." Restaurants, such as Red Lobster, are considered public accommodations within the meaning of the statute. Section 2000a–3, however, provides:

> In the case of an alleged act or practice prohibited by this subchapter which occurs in a State, or political subdivision of a State, which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no civil action may be brought under subsection (a) of this section before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person, provided that the court may stay proceedings

in such civil action pending the termination of State or local enforcement proceedings.

42 U.S.C. § 2000a–3(c). Finally, § 2000a–6(a) provides: "The district courts of the United States shall have jurisdiction of proceedings instituted pursuant to this subchapter and shall exercise the same without regard to whether the aggrieved party shall have exhausted any administrative or other remedies that may be provided by law."

In *Harris v. Ericson,* the Plaintiff brought a Civil Rights action under 42 U.S.C. § 2000a against the owner and operator of combination trading post and gas station in New Mexico, alleging he was discriminated against because he was black. *Harris v. Ericson,* 457 F.2d 765, 765–66 (10th Cir.1972). The Defendant filed a motion to dismiss the action on the basis that the plaintiff had failed to allege that he had given notice to the New Mexico Human Rights commission before commencement of his action in federal court. *Id.* at 766. The plaintiff conceded that he had not given notice of the alleged discrimination to the commission, but argued that he was not required to give such notice under § 2000a–6(a). *Id.* The Tenth Circuit disagreed, and concluded that the notice requirement of § 2000a–3(c) does not conflict with the non-exhaustion language of § 2000a–6(a):

> The two sections here under consideration are actually not in conflict, but can be read in harmony by giving each its natural meaning. § 2000a–6(a) provides that the district courts of the United States shall have jurisdiction of proceedings instituted pursuant to this particular subchapter "without regard to whether the aggrieved party shall have exhausted any administrative or other remedies that may be provided by law." Without getting involved in a definitive

analysis of § 2000a–6(a), we agree that any outlawing of the doctrine of *exhaustion* of remedies does not negate the earlier requirement of the statute that before federal action of the particular type with which we are here concerned be commenced, the state must be given the *opportunity* to invoke its remedies. In short, § 2000a–3(c) requires that no action shall be brought under that particular section of the act before the expiration of thirty days after *notice* of such alleged discriminatory act has been given the appropriate state agency; whereas, § 2000a–6(a) simply provides that one who, for example, has given notice to the appropriate state agency need not thereafter *exhaust* such remedy before the district court acquires jurisdiction. *Id.* at 766–67 (emphasis added). Accordingly, the Tenth Circuit concluded that, because New Mexico had state law which prohibited the discrimination alleged by the plaintiff, and because it had created an administrative agency whose duty it was to seek relief from such practices, federal suit was precluded. *Id.*

In *Stearnes v. Baur's Opera House, Inc.*, the Seventh Circuit Court of Appeals reached a similar conclusion. *Stearnes v. Baur's Opera House, Inc.*, 3 F.3d 1142 (7th Cir.1993). There, the plaintiff filed an action pursuant to § 2000a, alleging that defendant intentionally played music that black persons would not find appealing in an effort to drive black customers away from the premises. *Id.* at 1143. As in *Harris*, the plaintiff in *Stearnes* did not notify the Illinois Department of Human Rights before filing an action in federal court. *Id.* at 1145. Relying on *Harris*, and noting that Illinois had a state authority authorized to grant or seek relief for an alleged violation of Title II, the Seventh Circuit concluded that it did not possess jurisdiction over the plaintiff's claim: "The requirements of Section 2000a–3(c) are jurisdictional and, unless those requirements

are met, the federal courts do not have jurisdiction to decide the dispute." *Id.* at 1144.

The Eighth Circuit Court of Appeals has explicitly adopted the reasoning of *Stearnes* and *Harris* in holding that the requirements of section 2000a–3(c) are jurisdictional: "[W]e join the Seventh and Tenth Circuits in holding these procedural prerequisites must be satisfied before we have jurisdiction over a section 2000a claim." *Bilello v. Kum & Go, LLC*, 374 F.3d 656, 659 (8th Cir.2004) (citing *Stearnes*, 3 F.3d at 1144; *Harris*, 457 F.2d at 767). In *Bilello*, the plaintiff attempted to sue defendant, pursuant to § 2000a, for discriminatory practices in allowing patrons to use restrooms. *Id.* at 658. The district court concluded that the plaintiff had failed to state a cause of action under 42 U.S.C. § 2000a, and he appealed. The Eighth Circuit rejected the district court's basis for dismissing the cause of action, but affirmed the dismissal itself:

We recognize the issue of jurisdiction was not raised below by the parties or the district court. However, when the record indicates jurisdiction may be lacking, we must consider the jurisdictional issue sua sponte. *See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004) (explaining "[a]ny party or the court may, at any time, raise the issue of subject matter jurisdiction"); *Thomas v. Basham*, 931 F.2d 521, 522–23 (8th Cir. 1991) (clarifying that federal courts have limited jurisdiction, and "every federal appellate court has a special obligation to consider its own jurisdiction" and raise sua sponte jurisdictional issues "when there is an indication that jurisdiction is lacking, even if the parties concede the issue"). Because the record establishes Bilello failed to notify the [Nebraska Equal Opportunity] Commission of the alleged discriminatory public

accommodation practice and policy, we lack jurisdiction to review the district court's dismissal of the 2000a claim.

*Id.* at 659.

As in Nebraska, Illinois, and New Mexico, Iowa has enacted laws prohibiting discriminatory practices in places of public accommodation. The Iowa Civil Rights Act of 1965 provides:

1. It shall be an unfair or discriminatory practice for any owner, lessee, sublessee, proprietor, manager, or superintendent of any public accommodation or any agent or employee thereof:

   a. To refuse or deny to any person because of race, creed, color, sex, national origin, religion or disability the accommodations, advantages, facilities, services, or privileges thereof, or otherwise to discriminate against any person because of race, creed, color, sex, national origin, religion or disability in the furnishing of such accommodations, advantages, facilities, services, or privileges.

   b. To directly or indirectly advertise or in any other manner indicate or publicize that the patronage of persons of any particular race, creed, color, sex, national origin, religion or disability is unwelcome, objectionable, not acceptable, or not solicited.

Iowa Code § 216.7. The Iowa Civil Rights Commission is charged with the power to "receive, investigate, mediate, and finally determine the merits of complaints alleging unfair or discriminatory practices" under the ICRA. Iowa Code § 216.5. Because Iowa "has enacted laws to protect against discriminatory public accommodation practices, a Title II plaintiff must establish he has satisfied the procedural prerequisites of section 2000a–3(c) before filing a civil action in federal court." *Bilello,* 374 F.3d at 659. Plaintiffs in the present action admit they did not comply with the requirements of section 2000a–3(c) before filing their state court action, and thus, would have been jurisdictionally prohibited from filing the same action in federal court. As a natural corollary, Defendant's removal of the action to federal court was necessarily improper, as there existed no federal subject matter jurisdiction over Plaintiffs' § 2000a claim at the time of removal. Correspondingly, the Court also cannot have acquired proper pendent jurisdiction over Plaintiffs' state law claims. The Court therefore concludes, in accordance with Eight Circuit precedent, and the plain language of § 1447(c), Plaintiffs' entire action must be remanded to state court for lack of federal jurisdiction.

### III. CONCLUSION

For the reasons stated herein, Plaintiffs' Motion to Remand (Clerk's No. 15) is GRANTED. This case is remanded to the Iowa District Court in and for Johnson County, Iowa. Plaintiffs' Motion for Leave to Amend Complaint (Clerk's No. 18) and Defendant's Motion for Summary Judgment (Clerk's No. 11) are both DENIED on the basis of lack of jurisdiction.

IT IS SO ORDERED.