# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3038

_____

Samuel Zean; Eunice Zean

*Plaintiffs - Appellants*

v.

Choice Hotels International, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: April 7, 2020
Filed: April 17, 2020
[Unpublished]

_____

Before COLLOTON, BEAM, and KOBES, Circuit Judges.

_____

PER CURIAM.

Samuel and Eunice Zean appeal the district court's[1] dismissal of their pro se action against Choice Hotels International, Inc. (CHI). Upon de novo review, see Waters v. Madson, 921 F.3d 725, 734 (8th Cir. 2019) (standard of review), we affirm. Initially, we lack jurisdiction over the claim brought under 42 U.S.C. § 2000a-2, as the Zeans did not establish that they filed a charge with the appropriate state agency before filing their federal action. See 42 U.S.C. § 2000a-3(c) (requiring notice to state authority as prerequisite to filing civil action when state law prohibits public accommodations discrimination); Minn. Stat. § 363A.28, subd. 1 (person aggrieved by civil rights violation may file charge with state commissioner); Bilello v. Kum & Go, LLC, 374 F.3d 656, 659 (8th Cir. 2004) (when state law prohibits discrimination in public accommodations, plaintiff must establish he has satisfied statutory jurisdictional prerequisites before filing federal action).

We agree with the district court that the complaint made only a conclusory allegation regarding CHI's apparent authority over the Quality Inn, and thus failed to state claims against CHI under 42 U.S.C. § 1981, the Minnesota Human Rights Act, and state defamation law. See Affordable Cmtys. of Mo. v. Fed. Nat'l Mortg. Ass'n, 714 F.3d 1069, 1074 (8th Cir. 2013) (claim was properly dismissed where plaintiff failed to plead facts establishing necessary element of agency relationship under state law); Lyman Lumber Co. v. Three Rivers Co., 400 N.W.2d 811, 813 (Minn. Ct. App. 1987) (elements of apparent authority). We also agree that the complaint did not plead sufficient facts to plausibly allege that CHI wrote the allegedly libelous statement at issue. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (claim has facial plausibility when plaintiff pleads factual content that allows court to draw reasonable inference that defendant is liable for alleged misconduct).

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Hildy Bowbeer, United States Magistrate Judge for the District of Minnesota.

The judgment is affirmed.  <u>See</u> 8th Cir. R. 47B.

_____