# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-3175

_____

Manfred L.S. Nare, Individually, as Parents, Natural Guardians and Next Friends of M.N., a minor child; Gwladys K. Nare, Individually, as Parents, Natural Guardians and Next Friends of M.N., a minor child

*Plaintiffs - Appellants*

v.

Omaha Discovery Trust, a Nebraska Corporation, doing business as Kiewit Luminarium

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 13, 2026
Filed: June 24, 2026

_____

Before COLLOTON, Chief Judge, SHEPHERD and KOBES, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Manfred L.S. Nare and Gwladys K. Nare, individually and as the guardians of minor child M.N. (the Nares), allege that defendant Omaha Discovery Trust (ODT), doing business as the Kiewit Luminarium (Luminarium), unlawfully discriminated against them in a place of public accommodation, interfered with their

contractual rights, and violated the Nebraska Consumer Protection Act by granting free admission to members of federally recognized tribes. The district court[1] granted ODT's motion to dismiss as to all the Nares' claims. The Nares appeal. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

In October 2023, ODT issued a press release announcing that members of federally recognized Native American tribes would be granted free admission to the Luminarium. Although the Nares did not include the policy's language in their complaint, ODT explained that the Luminarium's website summarized the policy as follows: "[W]e offer complimentary admission to registered members of federally recognized tribes. Indigenous individuals who present a valid tribal identification card enjoy free entry along with their household members." The Nares reside in Sarpy County, Nebraska, and their race is black. In February 2024, the Nares paid the full admission price to the Luminarium for two adults and one youth. The Nares then presented their tickets at the Luminarium and sought a refund of the admission price. The Luminarium denied their request.

In February 2025, the Nares filed a lawsuit against ODT because the Luminarium granted free admission only to members of federally recognized tribes and their household members. They brought four causes of action: (1) that ODT discriminated against them based on race in a place of public accommodation in violation of 42 U.S.C. §§ 2000a and 2000a-2; (2) that ODT interfered with their contractual rights on the basis of race in violation of 42 U.S.C. § 1981; (3) that ODT interfered with their property rights on the basis of race in violation of 42 U.S.C. § 1982; and (4) that ODT's policy is an unfair practice of trade or commerce in violation of the Nebraska Consumer Protection Act.

---

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

-2-

ODT moved to dismiss the Nares' complaint. The district court granted ODT's motion. It held that tribal membership is a political classification, not a racial one, and therefore concluded that the Nares failed to demonstrate that ODT discriminated against them based on their race. As such, it dismissed their federal causes of action. It held that the Nares' claim under the Nebraska Consumer Protection Act failed for the same reason. The Nares appeal the district court's grant of ODT's motion to dismiss.

## II.

The Nares contend that the district court improperly granted ODT's motion to dismiss. This Court reviews the grant of a motion to dismiss de novo. Mitchell v. Kirchmeier, 28 F.4th 888, 895 (8th Cir. 2022). "A claim survives a Rule 12(b)(6) motion to dismiss only if the complaint's nonconclusory allegations, accepted as true, make it not just 'conceivable' but 'plausible' that the defendant is liable." Id. (citation omitted).

## A.

First, the Nares argue that the district court erred in granting ODT's motion to dismiss as to their federal claims. They contend that race is a precondition and requirement for membership in a federally recognized Indian tribe and therefore ODT discriminated against them on account of their race when it refused to give them a refund for their Luminarium tickets.

The Nares allege that ODT violated three civil rights statutes: 42 U.S.C. §§ 2000a and 2000a-2,[2] 42 U.S.C. § 1981, and 42 U.S.C. § 1982. To prevail

---

[2] For discrimination claims brought under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq*, a plaintiff must provide notice to the state or local authority where the lawsuit originated before filing a civil action when a state or local law prohibits discrimination in public accommodations and provides a remedy for such action. See 42 U.S.C. § 2000a-3(c). Nebraska prohibits discrimination in

under each of these statutes, the Nares must show that ODT discriminated against them because of their race.  See PGA Tour, Inc. v. Martin, 532 U.S. 661, 681 (2001) ("Title II of [42 U.S.C. § 2000a] prohibits public accommodations from discriminating on the basis of race, color, religion, or national origin."); Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media, 589 U.S. 327, 341 (2020) (holding that to prevail on a § 1981 claim, "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right"); Gallagher v. Magner, 619 F.3d 823, 839 (8th Cir. 2010) (explaining that a showing of discriminatory intent is required to state a § 1982 claim); Hackler v. City of Dyer, No. 2:17-CV-2124, 2018 WL 2347088, at *2 (W.D. Ark. May 23, 2018) ("To successfully bring a claim under § 1982, Plaintiffs must show that they were discriminated against on the basis of race." (citing Jones v. Alfred H. Mayer Co., 392 U.S. 409, 413 (1968)).

The district court concluded that the Nares' federal claims failed to state a claim upon which relief can be granted because tribal membership is a political, not racial, classification.  We agree.  The Supreme Court has long held as much.  See Morton v. Mancari, 417 U.S. 535, 553 n.24 (1974) (recognizing that a preference for "members of 'federally recognized' tribes" was "political rather than racial in nature"); Adoptive Couple v. Baby Girl, 570 U.S. 637, 690 (2013) ("[O]ur precedents . . . squarely hold that classifications based on Indian tribal membership are not impermissible racial classifications." (Sotomayor, J., dissenting) (collecting cases)).

<hr>

public accommodations, and it has empowered the Nebraska Equal Opportunity Commission to investigate, resolve, and redress discriminatory practices.  See Bilello v. Kum & Go, LLC, 374 F.3d 656, 658 (8th Cir. 2004).  Therefore, before filing a complaint in federal court alleging a violation of 42 U.S.C. § 2000a, a plaintiff must provide written notice to the Nebraska Equal Opportunity Commission.  Id.  Compliance with this requirement is jurisdictional.  Id.  The parties did not brief this issue; however, at oral argument, ODT's counsel acknowledged that the Nares filed a complaint with the Nebraska Equal Opportunity Commission before filing this lawsuit.  Accordingly, we assume that the Nares have properly exhausted their Title II claim.

Furthermore, our decision in <u>United States v. Eagleboy</u>, 200 F.3d 1137 (8th Cir. 1999), forecloses the Nares' arguments. There, the Government charged Wayne Eagleboy, who was not a member of a federally recognized tribe, with violating the Migratory Bird Treaty Act. <u>See</u> <u>id.</u> at 1138. Eagleboy moved to dismiss his indictment on the grounds that the Government selectively prosecuted him based on his race as "the United States has adopted a policy under which members of federally-recognized Indian tribes may possess migratory bird parts, while non-members may not and may be prosecuted for such possession." <u>Id.</u> We denied Eagleboy's motion, concluding that the Government's policy "distinguishe[d] between persons on the basis of membership in a federally recognized Indian tribe, not on the basis of race" as it did not cover "persons of Indian descent who are not members of a recognized tribe." <u>Id.</u> So too here. The Luminarium's admission policy—offering complementary admission to registered members of federally recognized tribes and their families—distinguished between persons based on a political classification, not race.

Unlike in <u>Eagleboy</u>, the federal government is not a party here. But this difference does not affect our analysis. In <u>Eagleboy</u>, after concluding that tribal membership is political, not racial, we mentioned that "special programs and exemptions for members of Indian tribes have long been upheld because of the federal government's special obligations toward Indians." <u>Id.</u> Notably, our discussion of the federal government's special relationship to Indian tribes merely functioned as a plus-one factor rather than a central component of our reasoning. What is more, the Supreme Court has recognized the political nature of tribal membership in a case where the federal government was not a party. <u>See</u> <u>Fisher v. Dist. Ct. of Sixteenth Jud. Dist. of Mont.</u>, 424 U.S. 382, 390 (1976) (explaining that the "exclusive jurisdiction of the Tribal Court" in an adoption dispute "d[id] not derive from the race of the plaintiff but rather from the quasi-sovereign status of the Northern Cheyenne Tribe"). Thus, the federal government's absence from this case does not undermine our conclusion that tribal membership is a political classification.

Finally, the Nares' reliance on the Supreme Court's decision in Rice v. Cayetano, 528 U.S. 495 (2000), is unavailing. In Rice, the Supreme Court determined that "ancestry can be a proxy for race," and it concluded that the voting restrictions based on Hawaiian ancestry at issue were indeed a proxy for racial discrimination. Id. at 515. Although the Nares argue on appeal that tribal membership is a proxy for race, they failed to make this allegation in their complaint. When considering a motion to dismiss, we are limited to the four corners of a plaintiff's complaint. See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (explaining that courts "generally must ignore materials outside the pleadings" on a motion to dismiss). The Nares never moved to amend their complaint, and therefore this un-pleaded theory cannot save their federal claims from dismissal. See Fischer v. Minneapolis Pub. Schs., 792 F.3d 985, 990 n.4 (8th Cir. 2015).

As tribal membership is a political classification, we conclude that the district court did not err in granting ODT's motion to dismiss as to the Nares' claims under 42 U.S.C. §§ 2000a, 2000a-2, 1981, and 1982.

B.

Second, the Nares argue that the district court erred in granting ODT's motion to dismiss regarding their Nebraska Consumer Protection Act claim. The Nebraska Consumer Protection Act provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce shall be unlawful." Neb. Rev. Stat. § 59-1602.

To recover under this statute, a plaintiff must allege facts showing:

(1) [the defendant] "engaged in an act or practice that constitutes an unfair method of competition or a deceptive trade practice in the conduct of any trade or commerce"; (2) [the defendant's] "conduct affect[ed] the public interest"; (3) [the plaintiff] "was injured in its business or property by [the defendant's] unfair method of competition or deceptive trade practice"; and (4) damages.

WWP, Inc. v. Wounded Warriors Family Support, Inc., 628 F.3d 1032, 1042 (8th Cir. 2011) (third alteration in original).

The Nares allege that ODT violated the Nebraska Consumer Protection Act when the Luminarium refused to give them a refund "because they are not Native Americans." Although the Nares did not explain how this refusal constituted an unfair commercial practice, the district court posited (and the Nares confirmed) that it was based on their belief that the admission policy is racially discriminatory. Indeed, the Nares concede that they do not have a viable claim under this statute if we conclude that tribal membership is a political classification. As we determined above that tribal membership is a political classification, the district court did not err in dismissing the Nares' Nebraska Consumer Protection Act claim.

## III.

For the foregoing reasons, we affirm the judgment of the district court.

_____