# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-2618

———————

Darin Crooks,                                    *
                                                 *
    Plaintiff – Appellant,           *
                                                 *     Appeal from the United States
    v.                               *     District Court for the
                                                 *     Northern District of Iowa.
Rick Lynch, individually and in his              *
official capacity as the Floyd County            *
Sheriff; Jessie Marzen, individually             *
and in his official capacity as Floyd            *
County Attorney; Floyd County, Iowa,             *
                                                 *
    Defendants– Appellees.           *

———————

Submitted: February 10, 2009
Filed:  March 2, 2009

———————

Before BYE, JOHN R. GIBSON, and GRUENDER, Circuit Judges.

———————

BYE, Circuit Judge.

Darin Crooks appeals the district court's[1] dismissal of his case.  We affirm.

---

[1]The Honorable Edward J. McManus, United States District Judge for the Northern District of Iowa.

I

Crooks was a Deputy Sheriff for Floyd County, Iowa. On April 12, 2007, Crooks was charged with two criminal complaints alleging he supplied alcohol to an underage person in violation of Iowa Code § 123.47. That same day, Floyd County Sheriff Rick Lynch terminated Crooks's employment.

By letter dated April 29, 2007, Crooks gave notice to the Floyd County Civil Service Commission ("Commission") he was appealing his dismissal. Because the terms of all the commissioners had expired at the time of this letter, new commissioners were appointed. By letter dated May 3, 2007, Crooks informed the new commissioners of his pending appeal, asked them to order Lynch not to permanently remove or suspend him, and requested a hearing.

By letter dated May 15, 2007, the Commission ordered Crooks not to be permanently removed or suspended until resolution of his appeal. The Commission held a hearing on May 21, 2007, but did not issue a ruling at that time.

On June 6, 2007, a jury found Crooks not guilty of the criminal charges. Later that day, a news story was published at globegazette.com reporting Crooks's acquittal, which included the following quotes from Floyd County Attorney Jesse Marzen: "This man violated the law and a jury has now found him not guilty, which I accept;" and "He admitted several times that he served this gal, who is 20 years old. I don't know what to say about that."

Crooks subsequently filed suit against Floyd County, Lynch, and Marzen, alleging claims under 42 U.S.C. § 1983 for deprivation of his property interest in his position as deputy sheriff without procedural due process ("property interest claim"), deprivation of his liberty interest in his reputation without procedural due process ("liberty interest claim"), and conspiracy to violate his procedural due process rights,

as well as a state law unlawful termination claim. Defendants filed a motion to dismiss. The district court granted the motion as to Crooks's federal claims and dismissed his state claim without prejudice. This appeal followed.

## II

We review "de novo the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the facts alleged in the complaint as true and granting all reasonable inferences in favor of [the plaintiff], the nonmoving party." Stufflebeam v. Harris, 521 F.3d 884, 886 (8th Cir. 2008).

## III

We first address Crooks's property interest claim. As a threshold matter, we must determine whether subject matter jurisdiction over this claim exists. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986); Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation, 495 F.3d 1017, 1020 (8th Cir. 2007).

"[A] litigant asserting a deprivation of [a property right in violation of] procedural due process must exhaust state remedies before such an allegation states a claim under § 1983." Wax 'n Works v. City of St. Paul, 213 F.3d 1016, 1019 (8th Cir. 2000); see also Booker v. City of St. Louis, 309 F.3d 464, 468 (8th Cir. 2002). This requirement is distinct from exhaustion requirements in other contexts. Rather, this requirement is necessary for a procedural due process claim to be ripe for adjudication. Wax 'n Works, 213 F.3d at 1020 (holding, because property owner failed to exhaust his state remedies, his procedural due process claim against city under § 1983 was not ripe for adjudication); cf. Zinermon v. Burch, 494 U.S. 113, 126 (1990) (holding a procedural due process violation "is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process").

Crooks has failed to exhaust his state remedies. In Crooks's complaint, he states the Commission has not yet rendered a decision as to his appeal. Subsequent documentation demonstrates the Commission rendered its decision on June 19, 2008, which Crooks appealed to the Iowa state courts in accordance with Iowa Code § 341A.12. This appeal remains pending. See Stutzka v. McCarville, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (We "may take judicial notice of judicial opinions and public records."); Gustafson v. Cornelius Co., 724 F.2d 75, 79 (8th Cir. 1983) ("An appellate court may take judicial notice of a fact for the first time on appeal."). Because Crooks had not exhausted the available state remedies, we lack jurisdiction over his property interest claim.

As such, the dismissal of Crooks's property interest claim will be modified to be without prejudice. See County of Mille Lacs v. Benjamin, 361 F.3d 460, 464 (8th Cir. 2004) (holding, because dismissal for lack of jurisdiction is not an adjudication on the merits, dismissal should be without prejudice, and modifying the district court's judgment accordingly).

IV

We next address Crooks's liberty interest claim. To establish a procedural due process claim against a state employer for deprivation of a protected liberty interest in a public employee's reputation, Crooks must demonstrate: "(1) an official made a defamatory statement that resulted in a stigma; (2) the defamatory statement occurred during the course of terminating the employee; (3) the defamatory statement was made public; and (4) an alteration or extinguishment of a right or legal status." Brown v. Simmons, 478 F.3d 922, 923 (8th Cir. 2007) (internal citations omitted). In addition, he must prove he requested and was denied a name-clearing hearing. Winskowski v. City of Stephen, 442 F.3d 1107, 1112 (8th Cir. 2006).

Crooks's claim fails because, as admitted at oral argument, he did not request a name-clearing hearing before filing suit.[2]  See id. at 1112 (holding a plaintiff's failure to request a name-clearing hearing before filing suit barred recovery on a liberty interest claim).  Accordingly, the district court properly granted Defendants' motion to dismiss on Crooks's liberty interest claim.

V

The district court's judgment as to Crooks's liberty interest claim is affirmed. The district court's judgment as to his property interest claim is vacated and remanded with instructions to dismiss this claim without prejudice for lack of jurisdiction.

_____

[2]In so holding, we note this is not a case where a request for a name-clearing hearing would have been futile or there were not established post-termination procedures.