# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3374

_____

Robert McCoy; Mary McCoy; Ervin   *
Lea; Felix Lea,   *
  *
    Appellants,   *
  *   Appeal from the United States
   v.   *   District Court for the
  *   Eastern District of Arkansas.
Carter-Jones Timber Company; State   *
of Arkansas; Mike Beebe, Governor   *   [UNPUBLISHED]
of Arkansas; Tina Brazil Jackson,   *
  *
    Appellees.   *

_____

Submitted: October 15, 2009
Filed: November 9, 2009

_____

Before MURPHY, COLLOTON and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Appellants Robert and Mary McCoy (the McCoys) and Ervin and Felix Lea (the Leas) appeal the district court[1]'s dismissal of their 42 U.S.C. § 1983 and state-law false imprisonment claims. The district court dismissed Appellants' case because: it lacked subject-matter jurisdiction over the McCoys' § 1983 claim under the Rooker-

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

Feldman doctrine; Appellants' § 1983 claim against the Carter-Jones Timber Company and Tina Brazil Jackson (collectively, "Private Defendants") failed to state a claim for relief; and the State of Arkansas and Governor Mike Beebe (collectively, "State Defendants") were immune from Appellants' claims under the Eleventh Amendment. After careful de novo review, considering the facts and all reasonable inferences that can be drawn from them in the light most favorable to Appellants, we conclude that the district court properly dismissed Appellants' claims. See Riehm v. Engelking, 538 F.3d 952, 964 (8th Cir. 2009) (de novo review of district court dismissal under Rooker-Feldman); Crooks v. Lynch, 557 F.3d 846, 848 (8th Cir. 2009) (de novo review of grant of a 12(b)(6) motion to dismiss); Grand River Enterprises Six Nations, Ltd. v. Beebe, 467 F.3d 698, 701 (8th Cir. 2006) (de novo review of district court legal conclusions about the reach of Eleventh Amendment immunity). We affirm.

The district court properly determined it lacked subject-matter jurisdiction to hear the McCoys' § 1983 claim under the Rooker-Feldman doctrine.[2] The McCoys, state-court losers, filed their § 1983 action complaining of injuries caused by an Arkansas state-court judgment, rendered before the McCoys filed their federal complaint, and inviting the federal district court to review and reject that judgment. This is precisely the type of case over which lower federal courts lack subject-matter jurisdiction. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see also Lance v. Dennis, 546 U.S. 456, 463 (2006) (per curiam).

The district court also properly held that the Leas failed to state a claim upon which relief could be granted as to the Private Defendants. Appellants' complaint fails to adequately allege that Private Defendants were "willful participant[s] in joint activity with the State or its agents" in denying the Appellants' constitutional rights,

_____

[2]See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923)

a requirement for private actors to be held liable under § 1983. See Dossett v. First State Bank, 399 F.3d 940, 947 (8th Cir. 2005) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). Because the Appellants' claim is not plausible on its face, the district court properly held that Appellants failed to state a claim upon which relief could be granted. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009).

The district court was also correct to conclude that State Defendants were immune under the Eleventh Amendment from Appellants' § 1983 claim. The State of Arkansas did not waive its immunity, nor did Congress abrogate that immunity when it enacted § 1983. See Hadley v. N. Ark. Cmty. Tech. Coll., 76 F.3d 1437, 1438 (8th Cir. 1996) (quoting Edelman v. Jordan, 415 U.S. 651 (1974)). Nor is the Young exception to Eleventh Amendment immunity -- which permits federal plaintiffs to seek injunctive relief against state officials alleged to be violating federal law -- applicable to Governor Beebe. Governor Beebe has no ability to deliver Plaintiffs' requested relief, and he has no connection with enforcement of Appellants' alleged wrongs. See 209 U.S. 123, 155-56 (1908); see also Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 269-70 (1997). The Young exception does not apply.

Finally, the district court was within its discretion to dismiss any remaining claims. Though defendant Tina Brazil Jackson did not file a motion to dismiss, the district court was within its discretion to sua sponte dismiss claims against her. See Smith v. Boyd, 945 F.2d 1041, 1042-43 (8th Cir. 1991) (district court may properly dismiss § 1983 claim sua sponte for failure to state a claim for relief, as long as dismissal does not precede service of process and claims obviously fail on facts alleged). To the extent that Appellants raised a state-law false imprisonment claim, the district court was also in its discretion to dismiss that claim once it dismissed all other claims over which it had original jurisdiction. See 28 U.S.C. § 1367(c)(3) (authorizing a federal court, in its discretion, to dismiss remaining state-law claims if the court "has dismissed all claims over which it has original jurisdiction").

The judgment of the district court is affirmed.

_____