# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3323

_____

B. B. Andersen,                          *

                                  *

        Plaintiff/Appellant,       *

                                  *   Appeal from the United States

    v.                           *   District Court for the

                                  *   Western District of Missouri.

United States Department of Housing  *

and Urban Development,         *

                                  *

        Defendant/Appellee.     *

_____

Submitted: April 19, 2012
Filed: May 3, 2012

_____

Before MURPHY, MELLOY, and GRUENDER, Circuit Judges.

_____

MURPHY, Circuit Judge.

The United States Department of Housing and Urban Development (HUD) debarred B. B. Andersen from obtaining federal government contracts in 1990 after he failed to make required payments to the agency. Twenty years after HUD had sent him notice of the debarment, Andersen brought this action seeking declaratory and

injunctive relief against its enforcement. The district court[1] dismissed the complaint as barred by the statute of limitations, and Andersen appeals. We affirm.

Two of Andersen's companies served as the developer and general contractor on a HUD project called the Burke Center in Cheyenne, Wyoming, and a dispute arose in 1985 concerning alleged construction flaws. Andersen and his companies entered into a settlement agreement with HUD where they agreed to pay $75,000 to settle all claims related to the Burke Center project. Andersen made an initial payment of $15,000 when he signed the agreement and was to pay annual installments of $15,000 until the balance was paid in full.

In an effort to collect the settlement money over the course of several years, HUD sent a payment invoice and a series of demand letters to a Topeka, Kansas address which had been listed as Andersen's billing address for the installment payments. Andersen's attorney replied in June 1988 that Andersen's companies had surrendered their assets and were unable to make the payments. In a subsequent letter copying Andersen, his attorney offered to settle the unpaid debt for a lesser amount, stating that Andersen "would like to avoid protracted litigation and to get the matter settled and put to rest." HUD continued to seek the amount Andersen owed it under the agreement by sending demand letters to Andersen and his attorney. Andersen contends that he thought the installment payments had been made and denies receiving any communication from HUD about the money owed.

After these unsuccessful attempts to recover the sums owed, HUD initiated debarment proceedings against Andersen in 1990 to prevent him from procuring future federal government contracts. HUD sent Andersen a notice that it was proposing debarment and informing him that he had a right to a hearing before a final

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

determination was made. It sent the notice on August 31, 1990 by certified mail to a P.O. box in Kansas City, Missouri which belonged to Andersen's company. HUD states that this was Andersen's last known address since it was the address on file with the Missouri Secretary of State as Andersen's "residence address" and the place where he conducted business as the chairman of a company. See 24 C.F.R. § 24.105(1)(1990) (debarment notice must be sent to party's last known address). Several weeks later HUD received a return receipt card verifying delivery signed by Georgine Sell, an officer in Andersen's company.

On November 21, 1990 HUD sent Andersen a final determination of debarment by certified mail to the same Kansas City address. The letter stated that because Andersen had not requested a hearing within the 30 day period specified in the prior notice, debarment was effective under 24 C.F.R. § 24.214(g) (1990). HUD received a signed return receipt card for this letter as well. Andersen's name and the names of his companies were then placed on a public list of federally debarred contractors.

Andersen now asserts that he did not receive the letters sent to him by HUD and did not learn of the debarment until 2009. He states that he continued to perform work for the federal government "in various capacities" and had invested some $200,000 in an agricultural project in Kurdistan before he was informed by the United States Trade and Development Agency that he had been debarred.

Andersen brought this action against HUD in 2010 in federal district court seeking a declaratory judgment that the debarment was invalid and an injunction against its enforcement. He claimed that the debarment was invalid because of its indefinite length and because it had been issued without adequate notice in violation of due process. HUD moved to dismiss the action, citing the six year statute of limitations for civil actions against the United States. See 28 U.S.C. § 2401(a). The district court dismissed the complaint as time barred, concluding that Andersen's claim had accrued in 1990 because that is when he either knew or should have known

of the debarment. Andersen appeals, arguing that he is "not constrained by time limitations" because the debarment was void for lack of notice or alternatively that the statute of limitations should be equitably tolled.

We review de novo the district court's grant of a motion to dismiss. See Crooks v. Lynch, 557 F.3d 846, 848 (8th Cir. 2009). Civil actions against the United States must be filed "within six years after the right of action first accrues." 28 U.S.C. § 2401(a). For purposes of § 2401(a) a claim accrues "when the plaintiff either knew, or in the exercise of reasonable diligence should have known, that [he or she] had a claim." Izaak Walton League of Am., Inc. v. Kimbell, 558 F.3d 751, 759 (8th Cir. 2009) (citation omitted).

The district court properly concluded that Andersen's claim accrued in 1990. During that year HUD sent Andersen certified mailings notifying him of the debarment proceedings. The notices were directed to his business address and their receipt was signed by agents or officers of his company. The address where the notices were sent had been registered with the Missouri Secretary of State as Andersen's "residence address" and the headquarters of a business for which Andersen was chairman of the board. A reasonably diligent person would have checked the mail at the address registered with the Secretary of State and would also have verified that the required settlement payments had been made during the five years preceding the debarment. Given the actions taken to notify Andersen, a reasonably diligent person would have become aware of the debarment proceedings in 1990. See id.; cf. Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (notice satisfies due process requirements when it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action").

Andersen also seeks tolling of the limitations period which expired in 1996. Equitable tolling is not available in suits against the government involving "garden variety claim[s] of excusable neglect," or when the "claimant failed to exercise due

diligence in preserving his legal rights." <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990).  Andersen's claim that he did not receive notice despite HUD's repeated attempts to contact him at known addresses is at best a "garden variety claim of excusable neglect" that is not eligible for tolling.  <u>Id.</u>

Accordingly, the judgment of the district court is affirmed.

_____