# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2248

_____

Alvin J. Kangas; Jessica Pease-Kangas

*Plaintiff - Appellant*s

v.

Amy M. Kieffer; Gray & Associates, LLP

*Defendant - Appellee*s

_____

Appeal from United States District Court
for the District of North Dakota

_____

Submitted: December 10, 2012
Filed: December 21, 2012
[Unpublished]

_____

Before WOLLMAN, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Alvin J. Kangas and Jessica Pease-Kangas (the Kangases) sued Amy M. Kieffer and the law firm for which she works, Gray & Associates, LLP (Gray), alleging they violated the Fair Debt Collection Practices Act (FDCPA). See 15

U.S.C. § 1692. The district court[1] dismissed their complaint for lack of personal jurisdiction and failure to state a claim. See Fed. R. Civ. P. 12(b)(2); 12(b)(6). The Kangases appeal, and we affirm.

I

The Kangases, who reside in North Dakota, filed suit in a North Dakota court, claiming Kieffer and Gray, a Wisconsin resident and law firm, respectively, violated North Dakota law when, without possessing a valid debt collection license in North Dakota, they initiated foreclosure proceedings on a house the Kangases own in Wisconsin. The Kangases further contended this violation of North Dakota law constituted a deceptive and abusive debt collection practice prohibited by the FDCPA. See 15 U.S.C. § 1692e. After removing the case to federal court, Kieffer and Gray moved to dismiss, and the district court granted the motion. It concluded foreclosure proceedings are not debt collection under the FDCPA, and thus, the Kangases failed to state a claim. It also concluded it lacked personal jurisdiction over Kieffer and Gray.

We apply de novo review to dismissals under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). See Johnson v. Arden, 614 F.3d 785, 793 (8th Cir. 2010); Crooks v. Lynch, 557 F.3d 846, 848 (8th Cir. 2009).

A court may not resolve a case on its merits unless the court has jurisdiction over both the claims and the parties in the suit. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999). This principle applies equally when consideration of the merits occurs in the context of a 12(b)(6) motion. Steel Co. v. Citizens for a Better Env't,

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

523 U.S. 83, 94-95 (1998). Accordingly, we must first determine if the district court had jurisdiction. If it did not, the case may go no further.[2]

A court has personal jurisdiction over a non-resident defendant if: (1) the applicable state long-arm statute has been satisfied, and (2) the exercise of jurisdiction comports with the due process clause of the Fourteenth Amendment. Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, 51 F.3d 1383, 1387 (8th Cir. 1995). Because North Dakota's long-arm statute authorizes jurisdiction over non-resident defendants to the fullest constitutional extent, see Hansen v. Scott, 645 N.W.2d 223, 230 (N.D. 2002), our inquiry is limited to whether the exercise of personal jurisdiction comports with due process. Bell Paper Box, Inc. v. U.S. Kids, Inc., 22 F.3d 816, 818 (8th Cir. 1994). We consider the following factors in a personal jurisdiction inquiry: "(1) the nature and quality of [a defendant's] contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its citizens; and (5) [the] convenience of the parties." Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1074-75 (8th Cir. 2004) (quotation and citation omitted).

We agree the district court lacked jurisdiction over Kieffer and Gray. Kieffer lives and works in Wisconsin, and Gray is a Wisconsin law firm whose attorneys do not practice in North Dakota. The property subject to the foreclosure proceedings is in Wisconsin. Kieffer and Gray's sole contacts with North Dakota are a letter Kieffer sent to the Kangases notifying them of the foreclosure proceeding and a letter a Gray employee sent to an Illinois process service company directing it to serve the foreclosure summons and complaint upon the Kangases. These isolated contacts are insufficient to satisfy the due process clause. See Porter v. Berall, 293 F.3d 1073,

---

[2]We note the district court improperly considered the merits of the Kangases' FDCPA claim even as it concluded it lacked personal jurisdiction.

1076 (8th Cir. 2002) (holding contact by phone or mail does not satisfy due process). Therefore, the district court properly concluded it lacked personal jurisdiction over Kieffer and Gray.

## II

The district court did not err when it dismissed the Kangases' suit for lack of personal jurisdiction.  Because we conclude the district court lacked jurisdiction, we may not review the merits of the Kangases' claim.  We affirm.

_____