# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3378
_____

Antonnette A. Hopkins, individually and on behalf of all others similarly situated

*Plaintiff - Appellant*

v.

The City of Bloomington

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis
_____

Submitted: October 9, 2014
Filed: December 22, 2014
_____

Before RILEY, Chief Judge, WOLLMAN and BYE, Circuit Judges.
_____

BYE, Circuit Judge.

Antonnette A. Hopkins filed this 42 U.S.C. § 1983 action against the City of Bloomington (the City), alleging Minnesota's vehicle forfeiture statute violated her due process rights under the Fifth Amendment and article I, section 7, of the Minnesota Constitution, and amounted to an unreasonable seizure in violation of the

Fourth Amendment and article I, section 10, of the Minnesota Constitution. The district court[1] dismissed Hopkins's complaint, and she appeals. We affirm.

I

After Hopkins was arrested for driving while impaired, her third driving while impaired offense in ten years, police officers towed and impounded her vehicle under Minnesota Statute § 169A.63, subdivision 1(e)(1) (2009). Hopkins received a notice of seizure and intent to forfeit her vehicle from the officers. Hopkins was thereafter charged with one count of second-degree driving while impaired. Hopkins made her initial appearance in the case on March 17, 2011, the day after being arrested, and was released with conditions after posting bond.

On March 30, 2011, Hopkins filed a demand for a judicial determination pursuant to Minnesota Statute § 169A.63, subdivision 9 (2009), challenging the vehicle forfeiture and requesting the immediate return of her vehicle. The court administrator, however, did not schedule a hearing on the demand because according to subdivision 9(d), "[a] judicial determination . . . must not precede adjudication in the criminal prosecution of the designated offense without the consent of the prosecuting authority." Hopkins neither requested a decision on her demand prior to the resolution of her underlying criminal case nor utilized the procedures offered by subdivision 4, which allow an owner to give security or post bond in exchange for the vehicle. On September 5, 2012, Hopkins voluntarily withdrew her demand for judicial determination. Hopkins pled guilty on January 30, 2013.[2]

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

[2]The resolution of Hopkins's criminal case was delayed after she moved for and received a continuance pending the outcome of separate litigation relating to the breathalyzer utilized for Hopkins and other individuals.

Hopkins then filed this § 1983 claim, alleging the Minnesota vehicle forfeiture statute violated both the federal and state constitutions by depriving Hopkins of procedural due process and by unreasonably seizing her vehicle. The City moved for dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted the City's motion to dismiss for all four of Hopkins's claims, finding the claim for a lack of pre-deprivation procedural due process failed as a matter of law, the claim for a lack of post-deprivation procedural due process was barred because Hopkins failed to exhaust available state remedies, the Fourth Amendment claim was not cognizable, and Hopkins conceded to dismissal of her state constitutional claims. Hopkins appeals.

II

We "review[ ] *de novo* the grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007). We will affirm the dismissal if the complaint fails to allege facts sufficient to "state a claim to relief that is plausible on its face." Walker v. Barrett, 650 F.3d 1198, 1203 (8th Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Factual allegations contained in the complaint are assumed true. Levy, 477 F.3d at 991. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotation marks and citation omitted).

Hopkins's sole argument on appeal is the district court erred by finding she needed to exhaust state remedies prior to filing her § 1983 claim for post-deprivation procedural due process. Generally, a plaintiff is not required to exhaust state administrative remedies as a prerequisite to bringing an action pursuant to § 1983.

Patsy v. Bd. of Regents of Fla., 457 U.S. 496, 516 (1982); see also Barry v. Barchi, 443 U.S. 55, 63 n.10 (1979) ("Under existing authority, exhaustion of administrative remedies is not required when the question of the adequacy of the administrative remedy . . . is for all practical purposes identical with the merits of the plaintiff's lawsuit." (internal quotation marks and citation omitted)). The Eighth Circuit, however, has "recognized an exception to Patsy's general rule that exhaustion of state remedies prior to bringing a section 1983 claim is not required." Keating v. Neb. Pub. Power Dist., 562 F.3d 923, 929 (8th Cir. 2009). "Under federal law, a litigant asserting a deprivation of procedural due process must exhaust state remedies before such an allegation states a claim under § 1983." Wax 'n Works v. City of St. Paul, 213 F.3d 1016, 1019 (8th Cir. 2000), see also Christiansen v. W. Branch Cmty. Sch. Dist., 674 F.3d 927, 935-36 (8th Cir. 2012) (affirming the dismissal of a complaint alleging post-deprivation procedural due process because the plaintiff failed to pursue available post-termination administrative remedies); Crooks v. Lynch, 557 F.3d 846, 848 (8th Cir. 2009) ("[T]his requirement is distinct from exhaustion requirements in other contexts. Rather, this requirement is necessary for a procedural due process claim to be ripe for adjudication.").

In Hopkins's case, she did not exhaust available state administrative remedies offered pursuant to Minnesota Statute § 169A.63 (2009) prior to bringing her § 1983 claim, and she makes no argument she exhausted those available remedies. Nonetheless, citing Lathon v. City of St. Louis, 242 F.3d 841 (8th Cir. 2001), and King v. Fletcher, 319 F.3d 345 (8th Cir. 2003), Hopkins argues it was unnecessary for her to exhaust the administrative remedies and the court should instead consider her challenges to the adequacy of the administrative remedies. Hopkins additionally cites Ali v. Ramsdell, 423 F.3d 810, 814 (8th Cir. 2005), which quotes Justice Sandra Day O'Connor's concurring opinion in Hudson v. Palmer, 468 U.S. 517, 539 (1984): "[I]n challenging a property deprivation, the claimant must either avail himself of the remedies guaranteed by state law or prove that the available remedies are inadequate."

Hopkins's reliance on <u>Lathon</u> and <u>King</u> is not persuasive because, although the courts considered the adequacy of available remedies, the remedies analyzed, state replevin actions, are distinguishable from the administrative remedies available in Hopkins's case and the exhaustion of administrative remedies was not at issue in either of those cases. <u>See</u> <u>Lathon</u>, 242 F.3d at 844 ("In any event, we believe there is no adequate postdeprivation state remedy. Mr. Lathon's recourse would not be under Mo. Rev. Stat. § 542.301, but in an action for replevin."); <u>King</u>, 319 F.3d at 350 (affirming the denial of summary judgment because a genuine issue of material fact existed as to whether the appellees' suit in state court to recover their vehicles constituted an adequate post-deprivation remedy). Further, Hopkins's cite to <u>Ali</u> is misplaced for the same reasons. 423 F.3d at 813-14. Accordingly, because Hopkins voluntarily ceased pursuing available state administrative remedies, she waived her ability to pursue a post-deprivation procedural due process claim and the district court did not err by dismissing her claim. <u>See</u> <u>Krentz v. Robertson Fire Prot. Dist.</u>, 228 F.3d 897, 904 (8th Cir. 2000) (finding that a plaintiff who was "aware of the available administrative procedures, yet . . . did not pursue relief thereunder" had waived due process).

III

For the foregoing reasons, we affirm.

_____