# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-3813

_____

Charles L. Burgett

*Plaintiff - Appellant*

v.

Kansas City Board of Police Commissioners

*Defendant*

Shelia Porter; Virgil Lienhard; Kansas City Area Transportation Authority; Police Officer Brent Cartwright

*Defendants - Appellees*

Patrick McInerney, in his official capacity as a member of the Board of Police Commissioners of Kansas City, Missouri, and in his individual capacity; Alvin Brooks, in his official capacity as a member of the Board of Police Commissioners of Kansas City, Missouri, and in his individual capacity; Angela Wasson-Hunt, in her official capacity as a member of the Board of Police Commissioners of Kansas City, Missouri, and in her individual capacity; Lisa Pelofsky, in her official capacity as a member of the Board of Police Commissioners of Kansas City, Missouri, and in her individual capacity; Sly James, in his official capacity as a member of the Board of Police Commissioners of Kansas City, Missouri, and in his individual capacity; Michael Rader, in his official capacity as a member of the Board of Police Commissioners of Kansas City, Missouri, and in his individual capacity

*Defendants*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: July 27, 2015
Filed: August 20, 2015
[Unpublished]

_____

Before SHEPHERD, BYE, and KELLY, Circuit Judges.

_____

PER CURIAM.

Charles L. Burgett appeals following the district court's Federal Rule of Civil Procedure 12(b)(6) dismissal of his 42 U.S.C. § 1983 complaint. We reverse in part, and affirm in part.

Included as defendants in Burgett's pro se complaint were Kansas City Area Transportation Authority (KCATA), KCATA bus driver Shelia Porter, and her supervisor, Virgil Lienhard; and Brent Cartwright, a Kansas City police officer. Burgett, who is black, alleged the following. On December 21, 2009, he boarded a KCATA bus operated by Porter, who is white. Burgett overheard a conversation between Porter and a white male passenger about plans to attend a party together, in which Porter told the passenger he could ride around with her on her route. Porter later demanded to know where Burgett was going, telling him he could not ride around and had to pay or get off; Burgett then swiped his daily-unlimited-ride pass at the fare box as Porter had directed him to do. When Porter continued to tell Burgett that he could not ride around, he responded that she was harassing him as he was a black male, noting that she had no problem with the white male riding around. Porter eventually stopped and told Burgett to exit the bus or she would call the police; he refused, stating he had done nothing wrong, had paid his fare, and planned to exit

-2-

at a later stop. Porter called Lienhard, a white male, complaining of Burgett's rudeness; when Lienhard arrived, he too directed Burgett to exit the bus, warning that otherwise he would call the police. Burgett refused, repeating what he had said to Porter. Cartwright, also a white male, arrived and boarded the bus with three other white officers; he told Burgett he would be dragged off the bus if he did not exit willingly. Burgett repeated what he had told Porter and Lienhard, but did as directed; once off the bus, he asked Cartwright to document the incident. As Burgett began walking toward the bus stop where he had intended to exit, Cartwright called him back to provide his identification, which Burgett provided. When Cartwright then demanded Burgett's social security number, he refused; Cartwright asked Lienhard if he wanted Burgett arrested for trespassing, and Lienhard said he would sign the complaint. Burgett was arrested, and while he did not resist, Cartwright repeatedly grabbed his arms forcibly and used force in handcuffing, causing bodily harm. Burgett was jailed for nearly 18 hours and had to post bond; the trespassing charge was dismissed in April 2010.

In Count II of Burgett's complaint–in addition to raising state-law claims against Cartwright, Porter, and Lienhard, which were dismissed as time-barred–he also claimed Cartwright had violated his Fourth and Fourteenth Amendment rights, and Porter and Lienhard had conspired with Cartwright to violate those rights. The district court found that Burgett had not specifically alleged a constitutional claim and that, in any event, his conspiracy claims were conclusory. Liberally construing the complaint and assuming the factual allegations are true, we conclude that Burgett sufficiently alleged that his federal constitutional rights were violated. See Hopkins v. City of Bloomington, 774 F.3d 490, 491-92 (8th Cir. 2014) (de novo review; factual allegations are assumed as true); Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 849 (8th Cir. 2014) (pro se complaints should be liberally construed); Stufflebeam v. Harris, 521 F.3d 884, 886-87 (8th Cir. 2008) (warrantless arrest without probable cause violates Fourth Amendment, as applied to state actors by Fourteenth Amendment; state police officer has probable cause to arrest if facts and

circumstances within his knowledge are sufficient to warrant prudent person to believe that suspect has committed offense under state law); Dossett v. First State Bank, 399 F.3d 940, 950-51 (8th Cir. 2005) (where private actor willfully participated with state officials and reached mutual understanding concerning unlawful objective of conspiracy, private actor may be held liable under § 1983).

In Count VII, Burgett claimed that KCATA violated 42 U.S.C. § 2000d, which prohibits exclusion from participation in, denial of benefits of, and discrimination under federally assisted programs based on race. Burgett asserted Porter's and Lienhard's actions were racially motivated, contending elsewhere in his complaint that KCATA had a pattern and practice of discriminating against black males. In dismissing Count VII, the court appeared to apply a prima facie case standard, and cited, among other things, Burgett's failure to identify a similarly situated person who was treated more favorably. We conclude that the factual allegations in support of Count VII were sufficient to state a claim under section 2000d. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (because prima facie case operates as flexible evidentiary standard, for discrimination cases it should not be transposed into rigid pleading standard); Hopkins, 774 F.3d at 491-92 (complaint is plausible on its face when pleaded factual content allows court to draw reasonable inference that defendant is liable for alleged misconduct).

As to the many other rulings Burgett challenges on appeal, we find no basis for reversal. Accordingly, we reverse the dismissal of the federal claims against Porter, Lienhard, and Cartwright in Count II, and remand to the district court to consider these claims in the first instance; we reverse the dismissal of the section 2000d race discrimination claim against KCTA in Count VII, and remand for further proceedings on this claim; and we affirm the district court in all other respects.

_____

-4-